CHANEY, Appellant, v. LOUISIANA & MISSOURI RIVER RAILROAD COMPANY.

Division One, July 2, 1903.

1. **Railroad: PASSENGER OR EMPLOYEE.** Plaintiff made frequent trips on defendant's road, but did not pay fare and did not expect to do so. The conductor never asked him to pay fare, but frequently asked him to assist in handling the baggage and unloading cars, and he always assisted in whatever he was asked to do. He frequently rode on the top of cars, and helped with the brakes when requested, and had been going to and fro on the train, on these conditions, once a week for several years. On the day of the accident he got on the front platform of the caboose, but seeing the car was crowded, he climbed up on top of the freight car next in front and walked forward over about six cars and sat down on top of another freight car, and when the train stopped at the next station he got down on the ground, and a brakeman asked him to go up on a freight car and let off a brake. This he did, then sat down on top of the car facing to the rear, his legs hanging down between the cars, and while sitting in that position, the train running very fast, three cars jumped the track, the rails spread, and the rear cars crashed against the one on which he was riding, crushing his legs. The conductor was standing on the caboose platform while he was there, and plaintiff was in the line of his vision when he signaled the engineer to start, but there is no evidence that he saw plaintiff on top of the car. *Held,* that plaintiff was not an employee; and, since his climbing to the top of the car, a position unusual and unnecessary for a passenger, contributed to his injury, the company can not be held liable for his injuries on the theory that he was a passenger, unless the conductor either knew of or consented to his riding on top of the car.

2. ———: ———: **SEAT ON TOP: STATUTE.** The statute (sec. 1080, R. S. 1899) excusing railroads for injuries to passengers "while on the platform of the car, or in any baggage, wood or freight car," provided proper printed notices are posted in the cars warning them against riding there, does not permit passengers injured while riding on top of the cars to recover, in the absence of such notice.

3. ———: ———: **CONTRIBUTORY NEGLIGENCE NOT PLEADED.** Although there is no plea of contributory negligence, yet where it clearly appears from plaintiff's own evidence that he was guilty of negligence directly contributing to produce his injury, it is the duty of the court to take the case from the jury by an instruction in the nature of a demurrer to the evidence.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes*, Judge.

AFFIRMED.

*Geo. Robertson* for appellant.

(1)   The lessor road is liable for the acts of the operating road as though it were operating the road itself, and the action may be begun against either the lessor or lessee for the injury.   Sec. 1060, R. S. 1899; Laws 1870, p. 90; Smith v. Railroad, 61 Mo. 17; Main v. Railroad, 27 Mo. App. 388; Brown v. Railroad, 27 Mo. App. 394; State ex rel. v. Railroad, 89 Mo. 523; McCoy v. Railroad, 36 Mo. App. 445; Price v. Barnard, Receiver, 65 Mo. App. 449.   (2)   It was the duty of the company operating the road, to post up in its passenger car, in a conspicuous place, a notice that there would be no liability for injuries received while in any other part of the train.   Sec. 1080, R. S. 1899; Sherman v. Railroad, 72 Mo. 62; Choate v. Railroad, 67 Mo. App. 105; Willis v. Railroad, 34 N. Y. 670; Higgins v. Railroad, 36 Mo. 418.   Under the same statute and citations, the defendant would be liable, when the car was so crowded as not to accommodate the passengers with seats in the car, should the passengers ride on some other part of the train.   (3)   The plaintiff was a passenger upon the train and was entitled to protection as such, he being there with the knowledge and consent of the conductor. Sherman v. Railroad, supra; Carroll v. Railroad, 88 Mo. 239; Huhlhausen v. Railroad, 91 Mo. 333; Wagner v. Railroad, 97 Mo. 512; Whitehead v. Railroad, 99 Mo. 263; Berry v. Railroad, 124 Mo. 223; Padgitt v. Railroad, 159 Mo. 143; Gradin v. Railroad, 30 Minn. 217; Creed v. Railroad, 86 Penn. St. 139, 27 Am. Rep. 693. (4)   In the absence of the notice required under section 1080, a person upon any part of a mixed train, must be taken as a passenger until the contrary is established,

and the burden rests upon the defendant to establish that the plaintiff was a trespasser, instead of being a passenger. 5 Am. and Eng. Ency. Law (2 Ed.), p. 488; Railroad v. Thompson, 107 Ind. 442, 57 Am. Rep. 120; Hutchinson on Carriers, sec. 554. (5) The defendant is bound to maintain a sufficient and safe track so as to prevent injury to its passengers. Furnish v. Railroad, 102 Mo. 438. And the same degree of care is required toward a free passenger. Bryan v. Railroad, 32 Mo. App. 228; Buck v. Railroad, 108 Mo. 179. It makes no difference whether the plaintiff was a passenger or an employee, the defendant was bound to use ordinary care to keep its roadway and track in a reasonably safe condition for those required to work upon it or those riding upon it as passengers. Muirhead v. Railroad, 103 Mo. 251; Gutridge v. Railroad, 105 Mo. 520; Ruthledge v. Railroad, 123 Mo. 121; Gorham v. Railroad, 113 Mo. 408; Burns v. Railroad, 129 Mo. 44.

*F. Houston* for respondent.

(1) Appellant was not a passenger. Even conceding the truth of everything appellant claimed, and waiving the facts which discredited him, he was not a passenger. Counsel says, "appellant was on the train with the knowledge and consent of the conductor," and "that the plaintiff was upon the train with the consent of the conductor, the evidence discloses beyond doubt." Respondent denies this statement unqualifiedly. There is not a scintilla of evidence to support either statement. One who goes upon a train without a ticket, pass, or permit, and with the intention of inducing the conductor to let him ride without paying fare, or of avoiding the conductor and thus escaping the payment of fare, whether with or without the knowledge of the brakeman, and while so riding without paying the fare, and without the conductor's knowledge, is injured, can not recover. Berry v. Railroad, 124 Mo. 330; Railroad v. Brooks, 81

Ill. 245; 2 Woods' Ry. Law, p. 1038; 4 Elliott on Railroads, sec. 1578. (2) Appellant was not an employee. He says, "The only work I did on the train that day was to let off that brake; nobody employed me to work for the company." He was merely a volunteer at times. Trainmen have no implied authority to employ servants. Neither is it shown either that there was any employment, or any authority to employ. 3 Elliott on Railroads, sec. 1305. (3) One who seeks to recover on the ground of being a passenger must show that he was in a proper place on the train, or at least that being in an improper place did not affect the result. Tuley v. Railroad, 41 Mo. App. 432; Ashbrook v. Railroad, 18 Mo. App. 290; Berry v. Railroad, 124 Mo. 346; Carroll v. Railroad, 107 Mo. 653; Clark v. Railroad, 36 N. Y. 135; Railroad v. Jones, 95 U. S. 439; Railroad v. Zane, 83 Ill. 448; Elliott on Railroads, sec. 1632; Higgins v. Railroad, 36 Mo. 418. In the case at bar the injury to plaintiff was directly traceable to the position which he voluntarily and negligently assumed upon top of a box car with his feet hanging down between the cars. (4) Appellant was not shown to be even a licensee, and being neither passenger nor employee nor licensee, was a trespasser on the train, and respondent owed him no duty except to not wantonly injure him. 3 Elliott on Railroads, secs. 1252-3; Berry v. Railroad, 124 Mo. 286; Feeback v. Railroad, 167 Mo. 217; Wencker v. Railroad, 169 Mo. 592. (5) Although contributory negligence was not pleaded as a defense, yet since the plaintiff's own evidence showed him to be guilty of negligence which directly contributed to produce the injury, he can not recover. Schultze v. Railroad, 32 Mo. App. 438; Hodson v. Railroad, 101 Mo. 13; Buesching v. Gas Light Co., 73 Mo. 219; Pattison's Mo. Code Pl., sec. 713.

VALLIANT, J.—Plaintiff sues to recover damages for personal injuries sustained by him in an accident on a railroad owned by the defendant corporation

but leased to and operated by the Chicago & Alton Railroad Company. The accident is alleged to have resulted from a defective condition of the road and the negligent running of the train.

The petition is in two counts. In the first count plaintiff declares that he was an employee of the Chicago & Alton Company, engaged in operating the train, and in the second count that he was a passenger.

The plaintiff's evidence tended to show as follows:

The defendant is a Missouri corporation owning a railroad extending from Louisiana, Missouri, south to the Missouri river, which road is leased to and operated by the Chicago & Alton Railroad Company. Plaintiff lived near Auxvasse, which is a station on this road a few miles from Mexico, Missouri. A local train composed of freight cars and a caboose in which passengers were usually carried ran regularly on that part of the road. The plaintiff was familiar with this train, was well acquainted with the conductor and brakemen, made frequent trips on it from Auxvasse to Mexico and return. He was not in the habit of paying fare and did not expect to do so. The conductor never asked him for fare, but frequently would ask him to assist in handling the baggage and unloading cars and he always assisted in whatever he was asked to do. He frequently rode on the top of the cars and helped with the brakes when requested. He had been going to and fro on this train, on these conditions, once a week for several years.

On the day of the accident the plaintiff boarded the train at Auxvasse, aiming to go to Mexico; he got on the front platform of the caboose; the conductor at that time was on the rear platform, giving the signal to the engineer to start; plaintiff at that time was in the line of the conductor's vision, whether he was seen by the conductor or not he did not know.

When the train pulled out from Auxvasse the plaintiff, standing on the front platform, looked into the caboose and saw that all the seats were occupied, four or

five men were standing in the aisles, and thereupon he climbed up on top of the freight car next in front and walked on along to the front over about six cars and sat down on the top of a freight car. The two brakemen saw him. When the train stopped at the next station he got down on the ground. While the train was standing there one of the brakemen asked him to go up and let off a brake; he went up on top of the car for this purpose, it was the third or fourth car from the caboose; he let off the brake as requested, and then sat down on top of the car at one end facing to the rear, with his legs hanging down between two cars, holding to a brake. He was in that position when three of the cars in front jumped the track. The rails spread, the wheels of the car he was on dropped between the rails, the rear cars crushed against it and his leg was crushed. The result was his leg was afterwards amputated.

The road was in bad condition and the train was being run unusually fast.

Upon the conclusion of the plaintiff's testimony, the court, at the request of the defendant, gave an instruction to the effect that the plaintiff was not entitled to recover, which resulted in a judgment of nonsuit, from which the plaintiff appeals.

The plaintiff, as shown by his petition, was not entirely satisfied in his own mind whether he was on the train in the capacity of an employee to assist in its operation, or that of a passenger to be taken care of by those in charge of the train; in his brief before us he inclines to the position that he was a passenger, but insists that whether employee or passenger he was entitled to have his case submitted to the jury.

We think it is very clear he was not an employee, but it does not follow from that conclusion that he was a passenger. If he was on the train with the knowledge and consent of the conductor, for the purpose of being carried, he was a passenger. The only evidence from which it could be inferred that the conductor knew he

was on the train at all is to the effect that he was in the line of the conductor's vision when the latter was giving the signal to the engineer to start. But at that time the plaintiff was on the front platform of the caboose; there is no evidence that the conductor saw him on the top of the freight car.

It is perhaps unnecessary, however, for us to decide that question, because, if we concede to the plaintiff that his relation to the defendant was that of a passenger on the train, we can not concede that he was justified as a passenger in taking his seat on top of the freight car, and we can not adjudge the carrier liable for an injury received by the plaintiff to the producing of which his position, so unnecessary and so unusual for a passenger, contributed.

The plaintiff in giving his testimony was unable to divest himself entirely of either of the two characters in which he sued. Having in mind that perhaps his relation was that of an employee, he conveys the idea that he was on top of the car to assist with the brakes; but if he is to be adjudged a passenger he says he climbed on top of the car and took his seat there because all the seats in the caboose were occupied, four or five persons already standing in the aisles. If we should sustain the plaintiff's suit on that theory, then we would be laying down the law that whenever a passenger train is so crowded that one can not obtain a seat inside he may climb on top of the train, and if then through the negligent handling of the train there comes a jar sufficient to throw him off his elevated seat, and he is injured, the carrier is liable, notwithstanding the fact that his position on top of the train had as much to do with the injury as the jar. Of course the bare statement of the proposition is its refutation.

But the plaintiff relies on section 1080, Revised Statutes 1899, which says that, "In case any passenger on any railroad shall be injured while on the platform of a car, or in any baggage, wood or freight car, in vio-

lation of the printed regulations of the company, posted up at the time in a conspicuous place inside of its passenger cars then in the train, such company shall not be liable for the injury: Provided said company, at the time, furnished room inside its passenger cars sufficient for the proper accommodation of its passengers."

There were no such printed regulations posted in the caboose.

That is a quaint old statute. It was enacted in 1853 (Laws 1853, p. 143), passed into the revision of 1855, and seems to have escaped the pruning knife of all the revising sessions of the General Assembly since that date.

The art of operating railroads has improved since that statute was enacted and the people of this State now know more about railroad traveling than they did fifty years ago.

That act seems to assume that it was expected that passengers, when the car or cars especially designed for them happened to be crowded, would find seats in the baggage car, or in a freight car or in a "wood car," whatever that may have been, and it devolved the duty on the railroad company to post conspicuous notices on the passenger cars warning the people not to do so.

But we need not say in this opinion what the effect of that statute would be at this day on a case brought within its terms, for the reason that the plaintiff's case does not come within those terms. The statute assumes that when the passenger car is crowded men may take refuge in a baggage car, in a freight car, or in a wood car, but it makes no provision for a man who is so reckless as to take a position on the top of a freight car as this passenger did. The plaintiff was the only person hurt in the accident and it is certain the perilous position which he voluntarily and unnecessarily assumed contributed to the result.

Although there was no plea of contributory negligence, yet where it clearly appears, as it does in this case, from the plaintiff's own evidence, that he was guilty of negligence that directly contributed to produce the injury, it is the duty of the court to take the case from the jury by an instruction in the nature of a demurrer to the evidence. [Hudson v. Railroad, 101 Mo. 13; Buesching v. Gas L. Co., 73 Mo. 219.]

We are tempted to follow the learned counsel in their able discussion of the question of the liability of a lessor company when the injury, as in this case, is alleged to have resulted from the negligent management of its train by a lessee company, but the facts of this case showing no right of recovery in plaintiff against the defendant, even if the defendant itself had been operating the train, it is not only unnecessary but would be improper for us to decide what would be the defendant's attitude if the case was different.

The judgment is affirmed. All concur.