## ENGLEKING, Appellant, v. KANSAS CITY, FT. SCOTT & MEMPHIS RAILROAD COMPANY.

### Division Two, March 14, 1905.

1. **NEGLIGENCE: General Denial: Judgment on Pleadings.** In an action for negligence where the only defense is a general denial except that defendant admits it owns and operates the railroad on which the injury occurred, plaintiff is not entitled to judgment on the pleadings, nor is it error, at the close of plaintiff's evidence if it does not show him entitled to recover, to sustain a demurrer to his case.

2. ————: **Recklessness: Contributory Negligence.** About 10:30 o'clock at night plaintiff walked towards home from the depot along the railroad track, which was straight, and was struck by a train which came behind him at a rapid speed. His way led through the railroad yards, and he testified that there were switches all along where he was walking, and that trains were made up there at all times of the night, and that he did not look back or to the right or left, but went straight forward with his head down until he was struck. He charges that pedestrians had been accustomed to use said road by the forbearance and tacit consent of the defendant, and that the engineer in charge of the train saw, or by the exercise of reasonable diligence could have seen, his dangerous situation in time to have avoided the accident, and saw or could have seen that he was unaware of the train's approach, and that he failed to sound the usual signal or ring the bell and negligently failed to use the bell, but recklessly, willfully and wantonly ran his train upon him. His evidence shows that he did not hear the train or listen for it, and although the track was straight he did not see the headlight, nor does the evidence show that there was a headlight, and that there were numerous signs posted about the yards warning persons of danger and to keep out, and that notwithstanding these warnings persons, mostly employees, in go-

ing to and from work, passed through the yards, but there was no evidence that the tracks were frequented by pedestrians at night. *Held*, that the defendant should not be held liable for the plaintiff's injuries unless its servants in charge of the train either saw, or might have seen by the exercise of due care, his perilous position in time to have avoided injuring him, and failed to exercise such care, and there being no such showing, and the plaintiff being guilty of the grossest negligence, he cannot recover.

3. **PRACTICE: Leading Questions.** Leading questions are not as a rule permissible.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Wright Brothers & Blair* for appellant.

(1)   Plaintiff's petition states a cause of action. Morgan v. Railroad, 159 Mo. 262.   (2)   The motion for judgment should have been sustained.   One motion to make answer more specific and one motion to strike out parts of amended answer were sustained, and no other answer was filed, leaving defendant in default.   R. S. 1899, secs. 621, 622.   (3)   That portion of the road where plaintiff was injured was publicly travelled and had been for many years.   Plaintiff was not a trespasser, and the defendant owed him the duty to be on the watch for him.   Carrier v. Railroad, 175 Mo. 485; Morgan v. Railroad, 159 Mo. 279.   (4)   It was negligence in the trainmen to have failed to look out for a man walking along the track as plaintiff was.   The evidence tended to show the trainmen should have known some one was liable to be on the track.   Morgan v. Railroad, 159 Mo. 278.   (5)   The fact that no signal was given tends to show that plaintiff was not seen by the engineer.   Carrier v. Railroad, 175 Mo. 485.   (6)   The engineer was guilty of negligence in not seeing plaintiff, if he did not see him.   (a)   The road was a pub-

licly travelled passway.  (b)  Plaintiff was not a tres-
passer.  Morgan v. Railroad, 159 Mo. 279.  (7)  The
engineer was guilty of negligence if he saw the plain-
tiff and did not warn him.  Morgan v. Railroad, 159
Mo. 285.  (8)  If there is any evidence tending to sup-
port an action, it should go to the jury.  Hadley v.
Orchard, 77 Mo. App. 141; Lee v. Knapp, 137 Mo. 385.
Every inference of fact in favor of the plaintiff from
the evidence, which the jury might have inferred with
any reasonable degree of propriety, the court must in-
dulge.  Lee v. Knapp, 137 Mo. 391.  The effect of a
demurrer interposed to plaintiff's evidence is to admit
every material fact to be true which the evidence tends
to prove, as well as every reasonable inference deduc-
ible therefrom.  Bank v. Simpson, 152 Mo. 656.

*L. F. Parker* and *Woodruff & Mann* for respond-
ent.

(1)  The amended answer set forth two separate
and distinct defenses; in the first count, or clause, a
general denial; in the second, contributory negligence.
It is true, the court, on plaintiff's motion, struck out
the second paragraph, or count, of the answer, and we
think erred in so doing, for if the manner in which it
is set forth is not ''a statement of new matter, con-
stituting a defense, in ordinary and concise language,
and without repetition,'' as required by the code, then
we are utterly unable to set forth contributory negli-
gence properly as a defense; but even without this
count, or clause, there remained the first paragraph,
or count, which certainly amounted to ''a general or
specific denial of each material allegation of the peti-
tion, controverted by the defendant.''  R. S. 1889, sec.
609.  As the plaintiff has cited nothing but section 622,
Revised Statutes 1899, in support of his contention,
which has no application to the condition under con-
sideration, we deem this point in his brief sufficiently

answered. If it should, at any time, be contended that the issue of contributory negligence was not before the court because the count in the answer raising that issue was stricken out, our reply to the contention is that if plaintiff's own evidence disclosed the fact that he was guilty of contributory negligence of a character which would defeat his recovery, the defendant can take advantage of it, and is entitled to a demurrer, whether such contributory negligence is pleaded, or not. Hudson v. Railroad, 101 Mo. 13. (2) The court was not only warranted in giving the peremptory instruction, but it was its plain duty to do so, for the reasons, first, that plaintiff never was shown to be in a situation where the last-chance doctrine, contended for, could apply, and, secondly, he was shown to have exercised such a gross disregard for his own safety as to bar him from recovery, on the grounds of contributory negligence. (a) Rine v. Railroad, 88 Mo. 392; Baker v. Railroad, 98 Mo. 51; Hyde v. Railroad, 110 Mo. 272; Carrier v. Railroad, 175 Mo. 470. (b) Hyde v. Railroad, 110 Mo. 273; Kreis v. Railroad, 148 Mo. 321; Farmer v. Railroad, 161 Mo. 497; Carrier v. Railroad, 175 Mo. 470; Koegel v. Railroad, 80 S. W. 905.

BURGESS, P. J.—Plaintiff brought this action to recover of defendant damages on account of personal injuries sustained by him by reason of the negligence of defendant. The petition alleges that about 10:45 o'clock p. m., on or about the sixth day of June, 1901, he was walking westward on defendant's road about one-half mile west of defendant's passenger depot in the city of Springfield, Missouri; that a certain locomotive and train of cars were drawn at a rapid rate of speed along and upon said railroad of defendant in a westwardly direction to the place where plaintiff was walking, and that at said place the said roadbed was straight for a long distance east and west therefrom,

and which for many years prior to June 6, 1901, pedestrians to and from said depot had been accustomed to use as a road and footpath by the forbearance and tacit consent of the defendant; that defendant's employees, agents and servants in charge of and operating said train, seeing, or by the exercise of reasonable care and diligence, had they not been reckless in operating said train, could have seen, the dangerous position in which plaintiff was situated, and seeing, or by the exercise of reasonable care and diligence, if said train had not been recklessly operated by defendant's agents and servants in charge thereof, could have seen, the imminent peril in which the plaintiff was placed and that plaintiff was unaware of the near and dangerous approach of said train, negligently failed to sound the usual and ordinary signal in time to avert the injury herein complained of, and in fact, did not at any time before the injury to plaintiff, either ring the bell, sound the whistle or give any other signal by which the plaintiff might be warned of the near and dangerous approach of said train, and negligently failed to use the brakes and other appliances provided for stopping said train made up as aforesaid, negligently failed to use the appliances provided and at hand for placing said train under control and stopping same before it struck and wounded and injured plaintiff, but on the contrary thereof recklessly, negligently, willfully and wantonly ran its train with great force and violence against the plaintiff, and wounded, bruised, mutilated, mangled and cut his left leg below the knee, and so nearly cut said leg off, that it was necessary to have said leg amputated that plaintiff's life might be saved, and said leg was so amputated on the — day of June, 1901; that said wounding and injury of the plaintiff was the direct result of the negligent, careless and reckless manner in which said train as aforesaid was run and operated.

The defenses were a general denial, and a plea of contributory negligence.

At the close of all the evidence introduced by plaintiff, defendant interposed a demurrer thereto, which was sustained, and judgment rendered for defendant for costs, from which plaintiff appeals.

The facts are that at the time of the accident the plaintiff was a young man about the age of twenty-one years, and a laborer by occupation. "About 10:45 o'clock of the night of June 6, 1901, plaintiff was walking west on defendant's railroad track west of Springfield, when he was struck and injured by the engine of a passenger train which was at the time following or would in a few minutes thereafter follow him. He did not hear the train before it struck him; indeed, he admits he did not listen for it. Although the track was straight from the depot to the place where he was injured, he does not state that he saw the headlight of the engine. Nor is there any showing that there was a headlight on the engine, or if there was how far the light would have been reflected; how much of the track it would have covered, or whether the engineer on the engine could have distinguished an object the size of a man in time to have prevented a collision, or at all. The evidence of all of plaintiff's witnesses is to the effect that plaintiff, on his way home, had gone through the yards of the defendant and was virtually in them when injured; that there were numerous signs posted about the yards, warning persons of danger and to keep out; that watchmen were employed to warn persons to keep out of the yards. Notwithstanding these efforts and precautions, the evidence was that persons, mostly employees, in going to and from their work, passed through the yards, along the track where the plaintiff was hurt, but there was no evidence that the track was frequented by pedestrians at night."

The first contention is that plaintiff was entitled to judgment on the pleadings, and that the court com-

mited error in refusing to sustain his motion therefor. The last amended answer, the one upon which the court refused to render judgment for plaintiff, set up two separate and distinct defenses: the first, a general denial; the second, contributory negligence. And while it is true that the court on motion of plaintiff struck out the second paragraph or count of the answer, there still remained the first paragraph, or the count of the answer which denied all allegations in the petition, except that defendant owned and operated said road. And while there was no averment of negligence by defendant remaining after the second count in its answer was stricken out, it has always been ruled by this court that such advantage may be taken of the plaintiff's evidence, regardless of whether the special defense is pleaded or not. [Hudson v. Railroad, 101 Mo. 13; Milburn v. Railroad, 86 Mo. 104; Schlereth v. Railroad, 96 Mo. 509.]

Plaintiff asked one of his witnesses by the name of Stahl if a person could advance along in the path or on those ties on the south side of the rail? To which defendant objected as leading and suggestive, and the court sustained the objections. That the question was leading there can be no question. Besides no question is better settled than that leading questions are not as a rule permissible. [1 Redfield's Edition of Greenleaf's Ev., p. 477.]

The paramount question in this case is as to whether plaintiff was guilty of such contributory negligence as to prevent his recovery in this action. He left the railroad shops at Springfield and travelled upon one of defendant's railroad tracks, upon which he knew the train which struck him would soon follow, and this, too, at the hour of about 10:30 at night. He testified that when he started up the track towards home he passed through the yards of defendant, that there were switches all along there, and that they make up trains there all night; but notwithstanding this he went up

through the yards, and did not look back or to the right or left, a single time, but went straight forward with his head down, until he was struck. If these acts of plaintiff were not the grossest negligence we are unable to appreciate what that term means.   Therefore, the defendant should not be held liable for the accident unless its servants in charge of the train either saw, or might have seen by the exercise of due care, the perilous position of plaintiff in time to avoid injuring him, and failed to exercise such care.

There was no evidence that those in charge of the train saw plaintiff, or that they could have seen him by the exercise of ordinary diligence in time to have avoided the injury.   Plaintiff alone was responsible for his own injury; and the law will not aid him in his efforts to hold another responsible for it.

The judgment is for the right party and should be affirmed.

All concur.