## CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY v. COOK.

### (No. 592.)

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PLEADING — RAILROADS — FIRES—PROXIMATE CAUSE OF DAMAGE—DIRECTING VERDICT.

1. Contributory negligence is an affirmative defense, and unless it is pleaded, evidence thereof cannot be introduced by a defendant, but the rule does not bar the defendant from taking advantage of anything in the plaintiff's evidence which defeats his right of recovery, though contributory negligence is not pleaded.

2. The question of negligence is a mixed one of law and fact, and where the facts are not disputed the question of submitting it to the jury is one of law to be determined by the court. In such cases, if the evidence tends to prove negligence on the part of defendant as the proxi-

mate cause of the injury, the question should be sub-mitted to the jury, unless upon the whole evidence it is apparent that the act complained of was the result of the joint negligence of plaintiff and defendant, or that the injury and damage would not have occurred except for the negligence or want of reasonable care on the part of the plaintiff; this rule not applying where the injury is the result of a wanton or intentional act on the part of defendant.

3. Where plaintiff had unloaded from defendant's cars certain buggies belonging to her when they were wrapped in paper and crated, and permitted them to remain for several days upon defendant's right of way, surrounded by dry and combustible material, awaiting her convenience in removing them, and while there they were partially destroyed by fire alleged to have been caused by sparks from a passing engine of defendant falling upon the rubbish near the buggies; *Held,* in an action to recover for the loss on the ground of the negligence of the company in allowing the right of way to be incumbered with the inflammable material, and failing to provide a proper spark arrester for the engine, that upon the facts, which appeared from the plaintiff's own evidence, she was guilty of negligence which was the proximate cause of the damage, and, though contributory negligence had not been pleaded, she was not entitled to recover.

4. Upon the facts the court erred in not granting the defendant's motion for a directed verdict in its favor.

[Decided July 8, 1909.]          (102 Pac. 657.)

Error to the District Court, Big Horn County, Hon Carroll H. Parmelee, Judge.

The action was brought by C. A. Cook against the Chicago, Burlington & Quincy Railway Company. From a verdict and judgment for the plaintiff, the defendant prosecuted error. The facts are stated in the opinion.

*John P. Arnott, H. S. Ridgely* and *N. K. Griggs,* for plaintiff in error.

The plaintiff having attempted to prove that the fire which was communicated to her property came from a particular engine of the defendant, it was improper to

admit evidence to the effect that sparks were seen to escape from other engines of the defendant. (Gibbons v. R. R. Co., 58 Wis. 338; Bank v. R. R. Co., 174, Ill. 36; Campbell v. Ry. Co., 121 Mo. 340; R. R. Co. v. Peterson, 98 Ill. App. 118; Ry. Co. v. Wilder, 53 S. W. 490; Ireland v. R. R. Co., 79 Mich. 163; Albert v. R. R. Co., 98 Pa. 316; Inman v. R. R. Co., 90 Ga. 663.) Again the testimony with reference to the emitting of sparks and setting of fires on defendant's line of railroad should have been confined to occurrences transpiring at or near the date of the fire under consideration. (Lesser v. R. R. Co., 114 Fed. 133; Coale v. R. R. Co., 60 Mo. 227; Smith v. R. R. Co., 37 Mo. 287; McFarland v. Ry. Co., 88 S. W. (Tex.) 450; Shelley v. R. R. Co., 211 Pa. 160; Jordan v. Osgood, 109 Mass. 45; Standish v. Washburn, 21 Pick. 237; Collins v. Inhabitants &c., 6 Cush. 306; Robinson v. R. R. Co., 7 Gray 92; Boyce v. R. R. Co., 42 N. H. 97; Phelps v. Conant, 30 Vt. 277; Hubbard v. R. R. Co., 39 Me. 506; Allard v. R. R. Co., (Wis.) 40 N. W. 685; R. R. Co. v. Woodruff, 4 Md. 242; Henderson v. R. R. Co., 144 Pa. 461; Menominee v. R. R. Co., 91 Wis. 447; Davidson v. Ry. Co., 34 Minn. 51; Penn Co. v. Rossman, 13 O. C. C. 111; R. R. Co. v. Rheimer, 25 S. W. 971; Garrett v. Ry. Co., 101 Fed. 102.) And the fire itself is no proof of negligence in its setting. It was error to exclude offered testimony to prove the skill of defendant's engineer, as the management of the engine was a question directly involved.

The court should have directed a verdict for the defendant. There is no proof justifying any recovery by the plaintiff. The burden was upon the plaintiff to establish both the cause of the fire and the negligence of the defendant. (Belding v. Andrews, 96 N. W. 305; Gates Co. v. Ry. Co., 98 Mo. App. 330; Duckworth v. Ry. Co., 75 S. W. 913; White v. Ry. Co., 85 N. Y. Supp. 497; R. R. Co. v. Marbury, 18 R. R. Cas. 508; Musselwhite v. Receivers, 166 Fed. Cas. No. 9972; Lester v. R. R. Co., 60 Mo. 265.) The act of plaintiff, by her agent, in

placing the buggies, without defendant's knowledge or consent, amidst rubbish and upon the right of way where fire
might well be expected, was itself an act of negligence
preventing a recovery on plaintiff's part. (R. R. Co. v.
Pennell, 94 Ill. 448; Collins v. Smith, 5 Hun, 499, 71
N. Y. 609; R. R. Co. v. Samuels, 18 R. R. Cas. 374;
Scowdon v. Ry. Co., 26 Pa. Sup. Ct. 15.) Plaintiff showing contributory negligence will not be permitted to recover,
and the verdict should be directed. (Chancey v. R. R.
Co., 75 S. W. 595; Brown v. R. R. Co., 84 Pac. 400;
Engleking v. R. R. Co., 86 S. W. 89; Bunnell v. Ry. Co.,
44 Pac. 927; Hudson v. Ry. Co., 14 S. W. 15.) He who
relies upon want of ordinary care as the basis of recovery
must plead and prove it. (Harris v. Ass'n, 63 Neb. 143;
Ry. Co. v. Cox, 46 Neb. 807; Omaha &c. v. R. R. Co.,
42 Neb. 115; Albert v. Ry. Co., 98 Va. 316.)

E. E. Enterline and C. A. Zaring, for defendant in error.

The defendant did not complain in its motion for a
new trial of the errors assigned in the petition in error
and urged by its brief concerning the omission and rejection of testimony, and therefore such alleged errors
cannot be considered. (Ross v. State, 16 Wyo. 285.) The
motion to direct a verdict was properly denied, for the
record will disclose a substantial conflict in the evidence
requiring that the case be submitted to the jury. And the
jury having found in favor of the plaintiff upon such
conflict the verdict will not be disturbed. (Rainsford v.
Massengale, 5 Wyo. 1; Cur. Law, 231.) The jury had
the right to take into consideration the fact that the witnesses for the defendant were its employes in weighing
the credibility of their testimony. (R. R. Co. v. Riley,
99 Pac. 348.) The court correctly instructed the jury.
(R. Co., v. Clark, 7 Ind. App. 145; Watt v. R. Co., 24
Nev. 154; Ry. Co. v. Lycan, 47 Pac. 526; Ry. Co. v.
Gilland, 34 Pac. 953; Hoffman v. King, 116 N. Y. 618.)
Contributory negligence is an affirmative defense and must
be specially pleaded. (5 Ency, Pl. & Pr. 1-11.)

SCOTT, JUSTICE.

. The defendant in error, plaintiff below, recovered judg-
ment against the plaintiff in error, defendant below, for
damages for the alleged negligent destruction by fire of
certain buggies upon defendant's right of way, the buggies
having therefore been consigned to her and shipped over
defendant's line of railway to Garland, Wyoming.    The
.specific acts constituting the alleged negligence were the per-
mitting of rubbish and inflammable material to accumulate
on defendant's right of way and a defective spark arrester
in defendant's engine whereby sparks were allowed to
escape, set fire, and spread from such rubbish to plaintiff's
property.   At the close of the evidence the defendant moved
the court for a directed verdict on the ground that upon
the evidence the plaintiff was not entitled to recover.
The overruling of this motion is here assigned as error.

Plaintiff's evidence tends to show that the car con-
taining the buggies arrived at Garland on or about the
first day of November, 1904, and was set out and switched
onto a side track.   The buggies were in wooden crates
and wrapped with paper and were shortly thereafter re-
ceived and unloaded by her agent upon the right of way,
from 10 to 20 feet from the side track, and permitted to
remain there for the purpose of being set up until in the
early morning of November 5th, 1904, they were discov-
ered to be on fire and part .of them destroyed.   That
the regular train going westerly on the evening previous
was the only train which passed the station the evening
or night previous to the fire;   it was a few minutes late
and did some switching on the side track, and its engine
was seen to emit an unusual quantity of sparks while
so engaged and that it was a matter of general observation
for a long time prior thereto that this particular engine
had in passing that vicinity emitted a great quantity of
sparks.   That there was· a livery stable about 150 feet
from the side track, which was north of the main line, and
that dry manure interspersed with dry staw had been
blown to and collected along the ties and rails, which

were not ballasted, from the stable and corrals and was there at the time the buggies were unloaded and remained there up to the time of the fire. The track of the fire was shaped V, the apex being between the rails and the sides diverging and enveloping the place where the buggies were. The evidence of the defendant went to the perfect condition of its engine, due care in its operation, its proximity to where the fire occurred, that there was no wind to carry the sparks in the direction of the fire, that there was not an unusual amount of sparks, and that there was no rubbish upon the right of way, and that the fire burnt toward and not from the track.

Contributory negligence was not pleaded as an affirmative defense. The answer was a general denial, except an admission as to defendant's corporate existence. The issue upon the pleadings was the alleged negligence of the company in permitting its right of way to become encumbered with combustible material and defective equipment of its engine as the proximate cause of the damage. The established rule in such cases is that when a defendant relies upon contributory negligence as a defense he is barred from introducing evidence of such negligence unless he has pleaded it as a defense. Such plea constitutes an affirmative defense and the issue must be tendered by him in order to entitle him to introduce evidence in support of such defense. (Ency. Pl. & Pr., Vol. 5, p. 10.) This rule does not, however, bar the defendant from taking advantage of anything in the plaintiff's evidence which defeats his right of recovery. In other words, the plaintiff must make out a case by the evidence, and if upon all of the evidence he is not entitled under the law to recover, that fact may be taken advantage of by the defendant.

The plaintiff in developing her case proved that she received the buggies by her agent when they were crated and wrapped in paper, unloaded them on the right of way about ten to fifteen feet from the side track, which was used for switching cars, amidst dry and combustible ma-

terial, where such material, as well as the paper and crates
in which they were packed, were liable to be ignited from
the sparks of passing engines, and permitted them to re-
main there for her own convenience without other excuse
or justification, for the purpose of having her employee
set them up.   It may be conceded that the defendant was
negligent in not keeping the right of way clear of in-
flammable material, and it may be further conceded that
the fire was communicated by sparks from a passing engine,
but there was also inflammable material placed there by the
plaintiff.   The crates, paper wrapping and buggies were
in her control and custody, and with full knowledge of
the surrounding conditions she placed and permitted them
to remain upon the right of way.   It makes no difference
whether the initial point of the fire was in the rubbish or
in the combustible material with which they were wrapped
or crated.   The proximate cause of the damage was leav-
ing the buggies so wrapped and crated in such exposed
condition as much as it was in the company in permitting
rubbish to accumulate on its right of way and setting fire
thereto by sparks from its engine.   This is not a case
where the fire spreads to and destroys property outside
of the right of way, or where the fire is originally set
by sparks of a passing engine outside of the right of way,
but upon plaintiff's own testimony where the company had
delivered the property to the owner, wrapped in combus-
tible material, who assumes to leave it upon the right of
way in proximity to passing engines, and in the midst of
combustible and inflammable material.   There is no evidence
of wanton or intentional destruction of plaintiff's property.

The question of negligence is a mixed question of law
and fact.   Where the facts are not in dispute, that is to say,
where there is no conflict in the evidence, the question
of the right to submit it to the jury is one of law and
to be determined by the court.   The rule in such cases
is that if the evidence tends to prove negligence on the
part of the defendant as the proximate cause of the in-
jury, the question should be submitted to the jury, unless

upon the whole evidence it is apparent that the act complained of was the result of the joint negligence of the plaintiff and the defendant or that the injury or damage would not have occurred except for the negligence or want of reasonable care upon the part of the plaintiff. This rule does not apply where the injury complained of is the result of a wanton or intentional act, which is not the case here.

Although contributory negligence was not pleaded as a defense, yet the undisputed evidence shows plaintiff to have been guilty of contributory negligence, which resulted in the loss of her property. Upon the facts she assumed the risk of its loss by leaving it on the right of way wrapped and crated in combustible material, and upon her own evidence, in the midst of inflammable material, where it was exposed to and liable to be ignited from the sparks from passing engines. This was negligence *per se* but for which her property would not have been destroyed, and was a proximate cause of the damage which she seeks in this action. It was developed by her evidence in making out her case and defeated her right of recovery. Upon the record the court erred in not granting the motion for a directed verdict. (Boswell v. Bank, 16 Wyo. 161; Riner v. New Hampshire Ins. Co., 9 Wyo. 81, 446; Kahn v. Traders' Ins. Co., 4 Wyo. 419; McMurtry v. Railroad, 67 Miss. 601, 7 So. 401; Brown v. Railroad, 41 Wash. 688, 84 Pac. 400; Engleking v. Railroad, 187 Mo. 158, 86 S. W. 89; Chaney v. Railroad, 176 Mo. 598, 75 S. W. 595; Hudson v. Railroad, 101 Mo. 13, 14 S. W. 15; Murray v. Railroad, 73 Tex. 2.)

The court, though requested to do so, refused to instruct the jury on the question of contributory negligence. Had there been a conflict in the evidence as to whether her acts were excusable or justifiable, it would have been proper to have instructed the jury on that phase of the case. (Railroad v. Belt, (Tex. Civ. App. April 21, 1898.) 46 S. W. 374; Railroad v. Allbright, 7 Tex. Civ. App. 21, 26 S. W. 250; Bunnell v. Railroad, 13 Utah, 314, 44

Pac. 927.)   As already stated, as a matter of law, plaintiff's contributory negligence was conclusively shown by her own evidence in the development of her case.

For the error complained of the. judgment will be reversed and the cause remanded for a new trial.

                                              *Reversed.*

POTTER, C. J., and BEARD, J., concur.