MAUD STRICKLAND, Respondent, v. F. W. WOOLWORTH & COMPANY, Appellant.

Springfield Court of Appeals, April 4, 1910.

1. **MASTER AND SERVANT: Negligence: Personal Injury: Falling Down Stairway: Sufficiency of Evidence.** Plaintiff, an employee in defendant's store, was injured by a fall down a dark stairway leading to the basement. *Held,* that the evidence was sufficient to justify the jury in finding that plaintiff's fall was caused by her foot slipping on the steps, and that the slick condition of the step as a result of its being oiled, the narrowness of the step and the steepness of the stairs caused plaintiff's foot to slip.

2. ———: ———: ———: Contributory Negligence: Failure to Turn on Light. Plaintiff, an employee in defendant's store, was injured by a fall down a dark stairway leading to the basement. The defendant claimed that plaintiff was guilty of contributory negligence as a matter of law, in that she failed to turn on the electric light over the stairway. *Held*, that under the evidence the question of whether or not plaintiff was guilty of contributory negligence was for the jury.

3. ———: ———: ———: Assumption of Risk: Continued Use of Stairway. Plaintiff, an employee in defendant's store, was injured by a fall down a dark stairway leading into the basement. The defendant claimed that plaintiff had been in the employ of defendant for eleven months, and had passed up and down the stairway every day during that time, that she was familiar with its condition, etc., and had "assumed the risk." *Held*, that this is no defense, for the reason that the doctrine of assumed risk, as applied to actions by a servant against the master, bottomed upon the negligence of the master, is now eliminated from the law of this State.

4. ———: ———: Assumption of Risk. The servant never assumes risk occasioned by the carelessness or negligence of the master, and to so hold would violate the rules: (1) It is the duty of the master to furnish the servant a reasonably safe place in which to work. (2) The law will not permit any person to contract against his own negligence.

5. ———: ———: ———: Contributory Negligence. The elimination of the doctrine of the assumption of risk, in suits by a servant against a master for injuries caused by the latter's negligence, in no way restricts or limits the rule that where the risk is so obviously dangerous that an ordinarily prudent person would refuse to expose himself to it, and the servant under such circumstances proceeds and is injured, he cannot recover. This latter rule rests upon the doctrine of contributory negligence.

Appeal from Greene Circuit Court.—*Hon. Alfred Page, Judge.*

AFFIRMED.

*Sebree, Farrington, Pepperdine & Wear* and *Warner, Dean, McLeod & Timmonds* for appellants.

(1) Plaintiff's own testimony shows that she fully knew and understood the character and construction of

the stairway down which she fell, as well as all the surrounding conditions; for nearly eleven months had been familiar therewith, and fully knew, understood and appreciated the dangers, if any, incident to the use thereof. It was a part of her contract that she would use said stairway, and assume the risk thereof; hence, she cannot recover. 2 Thomp. on Neg., 1008; Roberts v. Tel. Co., 166 Mo. 370; Nugent v. Milling Co., 131 Mo. 241; Steinhauser v. Spraul, 127 Mo. 541; Steggman v. Gibber, 123 S. W. (Mo.), 1041. (2) If darkness had anything to do with the accident, it was the result of plaintiff's own negligence in not turning on the electric light at the head of the stairway, which was kept there for that purpose; hence, she cannot recover. Anderson v. Box Co., 103 Mo. App. 382; Beymer v. Packing Co., 106 Mo. App. 726; Jackson v. Elevator Co., 209 Mo. 506. (3) In the following cases, plaintiffs, who were employees, were injured by falling down stairs while in the employ of defendants. In each case, it was held that they could not recover, because the evidence showed them to be familiar with the conditions. Mann v. Moore, 68 S. W. (Ky.), 402; Water Works v. Herren, 31 So. (Ala.), 444; Smith v. Coal Co., 47 N. W. (Wis.), 182. (4) In the following cases plaintiffs, who were employees, were injured by falling from ladders, or by the slipping or falling of the ladders on which they were climbing; and, in each case, it was held that they could not recover. Steinhauser v. Spraul, 127 Mo. 541; Border v. Mill Co., 98 Wis. 407; Marsh v. Chickering, 101 N. Y. 396; Cahill v. Hilton, 106 N. Y. 518; Wood v. Tileston, 13 Am. Neg. Rep. (Mass.), 321.

*W. D.* and *Joe B. Tatlow* for respondent.

(1) The well-settled rule in this State is: that where either the facts are disputed, or where there is a dispute or reasonable doubt as to the inferences to be drawn from undisputed facts, the question of negligence

should be submitted to the jury. Nagel v. Railroad, 75 Mo. 665; Huhn v. Railroad, 92 Mo. 450; Eichorn v. Railroad, 130 Mo. 587; O'Mellia v. Railroad, 115 Mo. 220; Railroad v. Ives, 144 U. S. 408.     (2)   Risks which arise out of the master's negligence are not assumed by the servant and cannot thus be assumed, even by express contract in the most solemn form. Settle v. Railroad, 127 Mo. 336; Blanton v. Dodd, 109 Mo. 75; Wendler v. Fur. Co., 165 Mo. 527; Curtis v. McNair, 173 Mo. 270; Phippin v. Railroad, 196 Mo. 347; Charlton v. Railroad, 200 Mo. 413; Dakan v. Mercantile Co., 197 Mo. 267.     (3)   Before knowledge of a defective or unsafe condition of the tools, machinery, appliances or place of employment will convict defendant of contributory negligence, the defect or unsafe condition of such place or instrumentality must be so glaring that it threatens immediate danger or that a reasonably prudent person in the exercise of care and caution would refuse, under the circumstances, to use such appliances or work in such place, even at the peril of losing their employment. Stoddard v. Railroad, 65 Mo. 514; Huhn v. Railroad, 92 Mo. 441; Wendler v. Furnishing Co., 165 Mo. 527; Henderson v. Kansas City, 177 Mo. 477; Buckner v. Horse and Mule Co., 221 Mo. 700.

COX, J.—Plaintiff was employed by defendant as saleslady in what is known as the Five and Ten Cent Store on the west side of the public square in the city of Springfield and on the ———day of March, 1908, was directed by her manager to go to the basement of the building to see about some goods sold that had not been delivered. In passing down the stairway to the basement she fell and was injured. It is charged in her petition that the injury was caused by the negligence of the defendant in not providing a safe stairway by which she might pass to the basement. The complaint is that said stairway was "in a dangerous and

unsafe condition, in this, that said steps were steep, narrow, dark and slippery, and without handrails or protection on either side . . . that because of the unsafe construction, and of the steep, slippery and dark condition of said steps, she slipped on the first or top step and fell and was unable to catch herself and was injured in the fall." The answer was a general denial and plea of contributory negligence. Trial was had before a jury, resulting in a verdict for plaintiff for fifteen hundred dollars, and defendant has appealed. The evidence shows that the stairway was located under a stairway that leads from the first to the second floor of the building; that the entrance to the stairway was dark; that an electric light bulb was placed therein for the purpose of lighting the entrance to the stairs, and plaintiff testified that for a long time prior to the injury this light had been kept turned on, but that shortly prior to the injury she had seen the manager turn it off, and she understood that it was his desire that it should be kept off, although no instructions were given in that regard. The stairs were steep, the steps narrow, and were kept oiled for the purpose of preventing dust and were also without handrails. The substance of plaintiff's testimony is that she had worked at the store for some eleven months; that she and other clerks, some twenty or twenty-five in number, frequently passed up and down this stairway to and from the basement, that she was entirely familiar with it and had used it every day during the time aforesaid; that on the occasion of the accident she had been directed to go to the basement by the superintendent, and that as she started down the stairs she fell, struck her back on the stairway, and went feet foremost down the stairs, and received the injury complained of in that way. No one else saw her fall, and her testimony was the only testimony as to the exact manner in which the fall occurred. She said she did not know how she came to fall, unless it was on account of the darkness and steepness of the

stairway. She did not know whether she slipped or not, it was done so quickly she did not have time to know; she thought she put out one foot where she thought the step was and did not find it, and just kept going. There was evidence that others of the employees had also gone down the stairway in safety when it was not lighted.

The only error assigned here is the refusal of the court to give a peremptory instruction that the plaintiff could not recover. The issues as to the negligence of the defendant in the maintenance of the stairway, and as to whether this negligence caused the injury, and also as to plaintiff's contributory negligence, were submitted to the jury under correct instructions and it is conceded that if plaintiff, under the most favorable interpretation of the testimony that can be given in her favor can recover at all that the judgment must be affirmed, but it is contended that admitting all the evidence to be true and giving the plaintiff the benefit of every reasonable inference in her favor, that a demurrer to the testimony should have been sustained.

1. The evidence in this case as to the construction of the stairway, and the provisions for lighting it, we think, was ample to submit to the jury the question of defendant's negligence in maintaining it.

2. It is contended that the evidence fails to show that the negligence of defendant in maintaining the stairway caused the injury. This contention is based upon the fact that the plaintiff is unable to tell the particulars as to how she came to fall. There are, however, some physical facts connected with the injury which, in our judgment, when taken in connection with the testimony of plaintiff, justify the court in submitting that issue to the jury. The plaintiff testified that she undertook to pass down the stairway—she thinks she put one foot forward for the purpose of stepping to the next step, and that seems to be about all she knows of the particulars of the fall, but she also testified that she

fell upon her back, and slid down the stairs, feet fore-most, and we think that these facts would warrant the jury in finding that the fall was caused by her foot slipping on the step and that had she stumbled or stepped too far over so that her foot would have missed the step, she could not have fallen as she did, but would have plunged headlong upon the stairs instead. If the fall was caused by her foot slipping on the step then the jury would also be warranted in finding that the narrowness of the step, its sleek condition as result of being oiled, and the steepness of the stairs, caused the foot to slip. Our conclusion is that the testimony was sufficient to permit the plaintiff to go to the jury upon the question as to whether the condition of the stairway caused the injury. [Dakan v. Chase & Son Mercantile Co., 197 Mo. 238, 1. c. 254, 94 S. W. 944.]

3. It is contended that the fact that plaintiff did not turn on the light shows that she was guilty of contributory negligence, and for that reason, she could not recover.

The defense of contributory negligence is an affirmative one, and the burden is always upon the defendant to prove it, and until there is evidence introduced tending to prove that fact, the presumption is that she was exercising due care. [Rogers v. Meyerson Printing Co., 103 Mo. App. 1. c. 688, 78 S. W. 79.]

The evidence shows that some of the employees of defendant had passed down the stairway in safety before without the light being turned on. There was also evidence tending to show that plaintiff understood that the manager did not want the light turned on and while it was proper for the jury to consider the fact that she undertook to go down the stairs without turning on the light in determining whether she exercised proper care, we do not think it sufficient, under the circumstances of this case, to have justified the court in declaring, as a matter of law, that the failure upon her part to turn on the light was negligence on her part; and, besides,

Strickland v. Woolworth & Co.

if the fall, which resulted in the injury, was caused by the foot slipping on the oiled step, it cannot be said that turning on the light would have prevented it and as other parties had previously passed down the stairway in safety without the light being turned on it was a question for the jury to determine, under all the facts and circumstances of the case, whether she acted as an ordinarily prudent person would act, and whether she was guilty of negligence.

4. The final contention of defendant is that plaintiff, having been in the employ of defendant for some eleven months, passed up and down this stairway every day during that time; that she was familiar with it in every way and by continuing in the employ of defendant, with full knowledge of the condition of the stairway, she assumed the risk incident to it. The answer to this contention is that the doctrine of "assumed risk," as applied to actions by a servant against his master, bottomed upon the negligence of the master, is now eliminated from the law of this State in such cases. Whatever may be the rule in other jurisdictions, the Supreme Court in this State has finally settled this question in the case of George v. Railroad, 125 S. W. 196. A discussion of this question and a review of the decisions in this State thereon will be found at pages 208-210 from which we deduce the following which would now seem to be the established rule in this State.

The servant never assumes risks occasioned by the carelessness or negligence of the master. Therefore, if the master's negligence causes injury to the servant, the doctrine of assumed risk has no basis on which to stand, for to do so would violate other well-established rules of law, to-wit:

1. It is the duty of the master to furnish the servant a reasonably safe place in which to work.

2. The law will not permit any person to contract against his own negligence.

To say that a servant may, by contract, assume the risks resulting from the master's negligence, or to say that by continuing in the service of his master, after full knowledge of the risks to which his employment would expose him, he assumes such risk, even though the danger be caused by the negligence of the master, would be to set aside both of the salutary rules above mentioned.

The risks which the servant assumes are those which are incident to his employment while the master properly discharges his duty toward him, but when the master steps over the bounds and becomes chargeable with negligence then as to the results of that negligence, there can be no assumption of risk by the servant.

This conclusion, in no way, restricts or limits the rule that where the risk is so obviously dangerous that an ordinarily prudent person would refuse to expose himself to it, and the servant under such circumstances, proceeds and is injured, he cannot recover. This latter rule, however, does not rest upon the doctrine of assumed risk, but rests upon the doctrine of contributory negligence.

Our conclusion is that the evidence was sufficient to send the case to the jury, and the judgment will, therefore, be affirmed. All concur.