Griffith v. Conway.

---

J. K. Griffith, Appellant, v. Thomas Conway, Respondent.

Kansas City Court of Appeals, May, 25, 1891.

1. **Promissory Notes**: TRANSFER AND RETRANSFER: WHO MAY SUE. The payee of a negotiable promissory note transferred the same to a bank. The bank upon default in payment, with the consent of the payee, charged the same back to him; and subsequently delivered the note to plaintiff for collection with instruction not to sue in its name. Plaintiff brought this suit, and at the trial the payee testified that he had no relation to the same, and was not prosecuting the same. *Held*, the charging the amount back to the payee revested the title in him, and the bank had no further interest in the paper, and neither it nor the agent could sue on the note.

2. **Trial, Practice**: INSTRUCTIONS PURPORTING TO COVER THE CASE: DEFENSE. A party who asks an instruction, or a series of instructions, on the whole case, must not frame it, or them, so as to exclude from the consideration of the jury the points raised by the evidence of his adversary; especially when they compose all the declarations of law offered by either side and exclude the consideration of a material matter of defense.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Scarritt & Scarritt,* for appellant.

( 1 ) Plaintiff, holding note for collection, rightfully brings suit in his own name. *Webb v. Morgan,* 14 Mo. 428; *Beattie v. Lett,* 28 Mo. 596; *Snider v. Express Co.,* 77 Mo. 527; *Buddington v. Masterbrook,* 17 Mo. App. 579. ( 2 ) The transferee of negotiable paper after maturity takes all of the right and title of his transferor. Griffith has all the rights of the National Bank of Kansas City, and the judgment should have been in his favor. *Henley v. Holzer,* 19 Mo. 459; Dan. on Neg. Inst., secs. 724–726; *Lee v. Turner,* 15 Mo. App. 205; *Julian v. Calkins,* 85 Mo. 202; Tiedeman on Com. Paper, sec. 295.

*Trayer & Lyman* and *Withers & Strother,* for respondent.

( 1 ) There was no error in refusing the instructions asked by plaintiff. Each of them purports to cover the whole case, and, unless it does so, each was properly refused. *Clark v. Hammerle,* 27 Mo. *loc. cit.* 70. The instructions were properly refused · *First.* Because they permit a recovery upon the finding that defendants were " partners," without specifying whether they were a trading or non-trading partnership ; and, *second,* because there is no evidence "that said bank afterwards delivered said note to plaintiff to bring suit on in his own name; " and, *third,* because it ignores the question, whether the bank was still the real owner of the note, there being evidence tending to show that it was not, but that Mugan was. ( 2 ) The laws of this state do not authorize the issuance of a dramshop license to a

partnership, and there can be no such thing, under those laws, as a partnership in the dramshop business.

GILL, J.—This is an action on a promissory note alleged to have been executed by Conway & O'Dowd, a partnership of which defendant was a member. The note was executed by O'Dowd in the firm-name, and was in the usual form of negotiable paper and payable in terms to P. Mugan or order. Mugan sold and assigned the note before due, to the National Bank of Kansas City. The note was not paid at maturity, and the bank gave it into the hands of the plaintiff Griffith with instructions to sue, but *not to sue in the name of the bank.* Whereupon Griffith, assuming to hold the same on account of the bank and for collection, brought this suit in his own name. Conway, under the sworn plea of *non est factum,* made the defense of want of authority in O'Dowd to execute the note, etc.; but of this we need not make further mention, since, in so far as concerns our opinion hereto, it becomes unnecessary. The evidence, among other matters, tended to show, that when the note matured, and payment was refused, the National Bank of Kansas City, then the owner and holder, charged the amount thereof back to Mugan on his account with the bank, and from that day Mugan became again the owner of said note. Yet the bank after thus reselling the note to Mugan placed the same in the hands of Griffith with instructions to sue as before stated. Mugan testified that he had no relation to the suit—was not prosecuting the same; and there is not a *scintilla* of evidence tending to prove that he authorized the bank or this plaintiff to collect or sue on his account.

I. Here was testimony tending to establish a clear defense to a suit by the plaintiff on this note. If with Mugan's consent the bank, after the dishonor of the note, charged the amount thereof to Mugan on his account, it is plain that thereby the title to the note

became reinvested in Mugan, and thereafter the bank had no interest in the paper. The bank then could not maintain a suit as *owner*, because it no longer had title. There is no evidence that Mugan had authorized the bank or this plaintiff to collect the note on his account, hence the bank could not sue as one holding the paper for collection; and as the *bank* could not maintain a suit in any event, neither could its transferee, Griffith. *Lee v. Turner*, 15 Mo. App. 205; *Julian v. Calkins*, 85 Mo. 202.

II. Now at the conclusion of the evidence plaintiff tendered a series of four instructions, and requested the court to give the same. The request was refused, and as we think correctly, too. Admitting the instructions to embody correct law, yet as they purported to cover the entire case, and as there were no other instructions given or refused (since the defendant asked none, and the court of its own motion gave none), these instructions were rightly refused because they omitted entirely the foregoing defense. We do not mean to say that each instruction must declare all the law applicable to the entire case, covering every matter of claim, or defense, for it is now well settled in this state that it is sufficient if all the instructions, considered as one charge, serve to present the case fully and fairly. And so we now view these several instructions offered by plaintiff. They are all to be read together as one whole. They purport to cover the entire case, and they compose all the declarations of law offered by either side; but the vice of the charge is that it excludes the consideration of a material matter of defense, to-wit: That plaintiff had no interest, no right to sue even as collection agent for the owner of the note. As said by Judge Scott in *Clark v. Hammerle*, 27 Mo. 70: "A party, therefore, who asks an instruction [or series of instructions we say] on the whole case, must not frame it so as to exclude from the consideration of the jury the points raised by the evidence of his adversary."

Plaintiff's instructions then being refused as we think properly, this case was submitted without any; and, as there was evidence tending to support the court's finding and judgment, we have nothing to do but affirm the judgment, which is accordingly ordered. All concur.