## PETE BORDEN, Respondent, v. THE FALK COMPANY, Appellant.

### Kansas City Court of Appeals, January 5, 1903.

1. **Master and Servant: FELLOW-SERVANT: ALTER EGO.** Where the superintendent of the master is present directing the movements which result in the injury of an employee, there can arise no question of fellow-servant.

2. **Judicial Notice: DOMESTIC ANIMALS: NATURE OF MULES.** The mule is a domestic animal whose treacherous and vicious nature is so generally known that even courts may take notice thereof.

3. **Master and Servant: NEGLIGENCE: JURY QUESTION.** The failure of the master to take firm hold of a team of mules attached to a wagon, under which his servants were at work, is held gross negligence, and on a review of the evidence the case was properly sent to the jury.

4. ———: ———: **CONTRIBUTORY NEGLIGENCE: ASSUMPTION OF RISK.** On a review of the record no evidence of contributory negligence is found; nor does the question of the assumption of risk arise.

5. **Negligence: CONTRIBUTORY NEGLIGENCE: PLEADING: INSTRUCTION.** Though contributory negligence be defectively pleaded, yet if no objection is raised before the trial, evidence of such negligence is admissible and an instruction may be based thereon.

6. ———: **INSTRUCTION: WHOLE CASE.** An instruction covering the whole case should be so framed as not to exclude from the jury's consideration any point raised by the defense.

7. ———: ———: **EVIDENCE: JURY.** The province of a jury is not invaded when on a failure of evidence the court so declares, and an instruction is approved which ignores the defense of contributory negligence, assumption of risk, and fellow-servant, since there was no evidence to support such defenses.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

AFFIRMED.

*Harkless, O'Grady & Crysler* for appellant.

(1)   The finding should have been for the defendant under the evidence.   (2)   The court erred in giving instruction No. 1 for the plaintiff.   It concluded with a peremptory instruction to find for the plaintiff upon the facts contained in it and wholly ignored all the defense.   This was erroneous.   Corder v. Primm, 60 Mo. App. 426; Linn v. Massilon, 78 Mo. App. 111; McMahon v. Express Co., 132 Mo. 641; Goetz v. Railroad, 50 Mo. 472.   (3)   The foreman became a fellow-servant of the plaintiff in taking the teamster's place.   Lee v. Railroad, 38 S. W. 509; Stevens v. Chamberlain, 100 Fed. Rep. 379; Hake v. Railroad, 88 Mo. 360; Glover v. Bolt Co., 153 Mo. 342; Byrnes v. Railroad, 55 N. Y. Sup. 269; Hull v. Canning Co., 78 N. Y. Sup. 617.

*J. D. Brown* and *M. A. Fyke* for respondent.

(1)   The evidence of respondent made a clear case of negligence upon the part of the appellant.   Nortengreen was the general superintendent of the appellant and had general charge of the works.   (2)   Appellant's criticisms of respondent's instruction number one is not well taken.   (3)   It certainly can not be claimed that respondent's evidence shows that he was guilty of any negligence.   (4)   Appellant introduced no evidence consequently there is no evidence in the record upon which to base the defense of contributory negligence.

SMITH, P. J.—This is an action to recover damages for personal injuries.   It appears from the record before us that the defendant is a business corporation engaged in street railway construction and that the plaintiff was a common laborer in its employ at the time he was injured.

The defendant in carrying on its business of street railway construction was represented by a superintendent and foreman.   It had in use a bending machine which set upon four wheels and had a tongue about four

feet long, and which machine it desired to move. In order to do this it was necessary to fasten the tongue by a chain to the axle of a wagon so that when the wagon moved it would follow. One Thompson, a teamster in defendant's employ, was in charge of a wagon to which was attached a span of mules, which he backed over the tongue of the machine. The superintendent then ordered Thompson to go around and help hook the machine on to the wagon, saying that he would take care of the team. Said superintendent then ordered the plaintiff to leave his work on the railway track and to come and help move the machine and when the latter got under the wagon he found that the tongue of the machine did not come under the couplingpole of the wagon and Thompson thereupon took a crowbar and shoved the left forewheel around so that it did. While the plaintiff was under the wagon, "hunkered" down on his left knee working at the chain and endeavoring to hook it, the team started and one wheel of the machine, which latter weighed about 6,000 pounds, ran over his foot, severely injuring it. During the time the plaintiff and Thompson were engaged in hooking the machine on to the wagon, the superintendent was standing in front of the team, at what distance it does not appear, but it does appear that he did not have hold of it in any way. This brief outline of the facts disclosed by the evidence will, we think, suffice for a full understanding of the questions presently to be considered.

The plaintiff had judgment and the defendant appealed and assigns as grounds for a reversal of that judgment a number of errors.

I. It is contended by defendant that the instruction requested by it in the nature of a demurrer to the evidence should have been given. The defendant was present in the person of its superintendent and *alter ego* directing and superintending the movement of the machine, so that the question of whether this plaintiff was injured by the negligence of a fellow-servant does not arise in the case. Hoke v. Railroad, 88 Mo. 360; Moore v. Railroad, 85 Mo. 588.

The superintendent ordered the teamster, Thompson, to leave the team and assist plaintiff in making the coupling of the machine to the wagon. The mule is a domestic animal whose treacherous and vicious nature is so generally known that even courts may take notice of it. The defendant can not be heard to claim that it did not know of the treacherous and unreliable qualities of this animal.

It seems to us that the defendant was guilty of the grossest negligence in ordering the teamster, Thompson, to leave his team of mules to assist plaintiff in the work of coupling the machine to the wagon without taking any further precaution for the protection of the plaintiff in his perilous position under the hind end of the wagon and in front of the machine, than to place himself in front of said team. Any man of ordinary prudence, under such circumstances, would have not only placed himself in front of the mules but he would with his hands have firmly grappled and held the bridlebits of each of them, or else stood behind or to the side of them and there held the lines so that a movement by them in any direction could have been restrained while the coupling was being made by plaintiff. The place in which the plaintiff was ordered to work was primarily safe enough but was rendered unsafe by the defendant's own negligence. Had the defendant's superintendent taken hold of the mules in either of the ways we have stated, the danger of plaintiff's position would have been minimized. The plaintiff's back was towards the team and it does not appear that he knew that the superintendent was standing before the mules without having hold of their bridlebits or the guiding reins.

While the plaintiff may have known that the place where he was engaged in making the coupling was not one of the greatest safety, he certainly had reasonable grounds to believe that by the exercise of ordinary care he could succeed in doing the required work with safety to himself. It is plain to us that if the defendant had exercised even ordinary care and precaution in securing the mules, the accident would not have happened. We

are unable to discover any ground upon which to base the contention that evidence adduced by plaintiff shows that he was himself guilty of such negligence as to preclude his right to recover. And the same is true as to the assumption of the risk.

The case, in our opinion, was one that was properly submitted to the jury.

II. The defendant complains of the action of the court in giving the plaintiff's first instruction, not on the ground that it is not a correct expression of the law as far as it goes, but that it is erroneous in not submitting the defendant's three defenses of contributory negligence, assumption of the risk, and fellow-servant.

It is true, as suggested by plaintiff, that the first of these defenses was defectively pleaded, but as no objection was taken thereto before the trial, the general charge of negligence was a sufficient basis for the introduction of proof. Conrad v. DeMontcourt, 138 Mo. l. c. 325, and cases there cited.

It is also true that the rule has been long established in this State to the effect that an instruction for plaintiff covering the whole case should be so framed as not to exclude from the consideration of the jury the points raised by the defendant's evidence. Clark v. Hammerle, 27 Mo. l. c. 70; Sawyer v. Railroad, 37 Mo. 263; Griffith v. Conway, 45 Mo. App. 574; Garden Cultivator Co. v. Railway, 64 Mo. App. 305; Voegeli v. Marble & Granite Co., 49 Mo. App. l. c. 650.

But the difficulty with defendant's contention is not that the defense was not, for the reason just stated, sufficiently pleaded, but that there is no evidence requiring its submission to the jury. We do not, we think, invade the province of the jury when we say, as a matter of law, that there was no evidence adduced by the defendant tending to establish that defense, and, therefore, it was not error for the trial court to give plaintiff's instruction in the form it did.

The case, as we see it, was properly tried and the judgment must be affirmed. All concur.