MITCHELL, Respondent, v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 15, 1904.

1. **NEGLIGENCE: Alighting From Moving Train.** To step off a slowly moving train is not negligence *per se.*

2. ———: ———: **Master and Servant: Ordering Servant Into Danger.** Nevertheless to step off a moving train tends to show negligence; whether it is so is a question for the jury, and where an inexperienced laborer, engaged in shoveling dirt from a car, was ordered by the foreman to alight while it was in motion, in an action for damages incurred by reason of so alighting, it was a question for the jury to determine whether the order was negligently given.

3. ———: ———: ———: **Contributory Negligence.** Where the evidence showed that the plaintiff had had only three or four days' experience as a laborer on the railroad, he was not guilty of contributory negligence in alighting under the circumstances but had a right to rely upon the order of the foreman and to presume that it was not dangerous.

4. ———: ———: ———: **Assumption of Risk.** The doctrine of assumed risk rests on contract and could not apply in such case unless when the plaintiff was hired, he was informed or knew that the work he was hired to perform would require him to get off moving trains.

5. ———: ———: ———: **Variance.** Where the petition alleged that the defendant negligently, while plaintiff was alighting

from the car from which it was his duty to alight, moved the car without notice to him, it was not sustained by evidence that the car was in motion and that he knew it was in motion when he alighted.

6. ——: ——: ——: ——. And where there was no allegation in the petition that it was plaintiff's duty to get off the car, nor that while in the performance of this duty he was negligently thrown from the car, it was error to give an instruction authorizing a verdict, if the jury found that it was through the negligence of the defendant he was thrown from the car, when it was his duty to get off.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes*, Judge.

REVERSED AND REMANDED.

*F. Houston* and *C. C. Madison* for appellant.

(1) The court erred in refusing the peremptory instructions asked by defendant. (a) The danger of alighting from a moving car was a matter concerning which the plaintiff's knowledge was equal to that of the foreman, and if it was negligent to order him to alight, it was contributory negligence on his part to alight. Hurst v. Railroad, 163 Mo. 309, 63 S. W. 695; Hill v. Drug Co., 140 Mo. 433, 41 S. W. 909; Roberts v. Telephone Co., 166 Mo. 379, 66 S. W. 155; Beach on Contributory Negligence (3 Ed.), secs. 358, 359 and 360; Steinhauser v. Spraul, 127 Mo. 541, 28 S. W. 620, 30 S. W. 102; Fugler v. Bothe, 117 Mo. 575, 22 S. W. 1113; Marshall v. Hay Press Co., 69 Mo. App. 256; Harf v. Green, 168 Mo. 308, 67 S. W. 576; Nugent v. Milling Co., 131 Mo. 241, 33 S. W. 428; Jackson v. Railroad, 104 Mo. 456, 16 S. W. 413; Whatly v. Railroad, 4 Am. Neg. 624; Leitner v. Grieb, — Mo. App. —; Shea v. Railroad, 74 Mo. App. 29. (b) There was no causal connection between the act of defendant and the injury to plaintiff; and under the evidence it can be attributable only to the failure of plaintiff to exercise proper care in stepping

off, or to accidental causes for which defendant is not liable. Wendall v. Railroad, 75 S. W. 689; Maxey v. Railroad, 95 Mo. App. 309, 68 S. W. 1063; Holt v. Railroad, 84 Mo. App. 443; Beasley v. Transfer Co., 148 Mo. 413, 50 S. W. 87; Cunningham v. Journal Co., 95 Mo. App. 47, 68 S. W. 592. (c)  The release was a bar to plaintiff's right to recover, as the evidence was insufficient to support a verdict impeaching it. Mateer v. Railroad, 105 Mo. 320, 16 S. W. 839; McFarland v. Railroad, 125 Mo. 253, 28 S. W. 590; Homuth v. Railroad, 129 Mo. 629, 31 S. W. 903.    (2)  It was reversible error to refuse defendant's instruction 5.   (3)  Defendant's instruction 3 was proper and should have been given without modification.   The instruction as asked correctly stated the law to be that if the plaintiff was in as good position as the foreman to see and appreciate the danger of jumping from the moving car, then it was his duty to remain on the car.  As modified it improperly told the jury that the danger should be so glaring as to threaten immediate injury.  Richardson v. Mesker, 171 Mo. 673, 72 S. W. 506.   (4)  Plaintiff's instructions 1 and 2 should have been refused. (a) Said instructions erroneously predicated liability for moving the cars while the plaintiff was about to get out without notice to him.  The petition including the amendment, states no such ground of negligence; nor is there any proof upon which to base it, and instructions must have pleading and evidence for a basis.  Marr v. Bunker, 92 Mo. App. 651; Kirby v. Railroad, 85 Mo. App. 345; De Donato v. Morrison, 160 Mo. 581, 61 S. W. 641; Wolfe v. Supreme Lodge, 160 Mo. 675, 61 S. W. 637; Railroad v. Railroad, 118 Mo. 599, 24 S. W. 478; Fairgrieve v. Moberly, 29 Mo. App. 141.

*George Robertson* for respondent.

It was not contributory negligence for the plaintiff to attempt to alight from the moving car, under the

circumstances. Owens v. Railroad, 84 Mo. App. 143: Scott v. Springfield, 81 Mo. App. 312; 20 Am. & Eng. Ency. of Law (2 Ed.), 120; McGowan v. Railroad, 61 Mo. 528; Flynn v. Railroad, 78 Mo. 195; Shortell v. City of St. Joseph, 104 Mo. 114, 16 S. W. 397; Lucey v. Hannibal Oil Company, 129 Mo. 32, 31 S. W. 340.

## STATEMENT.

Plaintiff, a negro farm laborer, whose home is in Audrain county, Missouri, was employed, on the third day of April, 1902, by the defendant company to work on its railroad tracks near Ridgely, in the State of Illinois. He and eight or ten other negroes were put to work unloading cinders from flat cars, on a new and unballasted portion of railroad track, with orders to get off the car, after unloading the cinders on the track, and tamp the cinders between the cross-ties. On either side of these cars, about three feet from the ground, was fastened an iron stirrup by means of which the men got on and off the cars. On the afternoon of the third day plaintiff had been at this work, in getting off a moving car, which had just been unloaded, he placed his right foot in one of the stirrups with his hands on the car, in an effort to get off, and dropped to the ground alighting on the end of a cross-tie or some other hard substance, breaking his left leg between the knee and ankle. He was sent by the company to a hospital in Springfield, Illinois, where he was treated at the expense of the company until he was able to return to his home in Audrain county, Missouri. The suit is to recover damages for the injury to his leg.

The petition charges:

"That plaintiff with others, and working directly under the control of said vice-principal were in said car loaded with cinders, it being a flat car, and were engaged in shoveling cinders out of said car on to the road bed of defendant;

"That while so engaged in shoveling the cinders as aforesaid, and while said car which was attached to an engine was standing upon the track of defendant's road bed, it became necessary to move said car to another point upon defendant's road bed;

"And while said plaintiff was so engaged in shoveling cinders, under the control and direction of said vice-principal, the said car was moved, and while moving, said vice-principal directed the said plaintiff to alight from said car onto the ground, and engage in placing said cinders on the road bed;

"That while said car was still moving and the said plaintiff was still in said car, the said vice-principal urgently commanded the said plaintiff to alight from said car onto the ground;

"And said plaintiff did undertake to obey, and did obey the direction and command of said vice-principal, and did attempt, in an effort to obey said direction and command to get off of said car onto the ground;

"That the order so given by said vice-principal to the said plaintiff to alight from said car, was negligence and carelessness of the defendant and its said vice-principal."

On the trial, the petition was amended so as to allege the following other charge of negligence, to-wit: "Defendant negligently and carelessly, while plaintiff was alighting from said car, from which it was his duty to alight, moved the car without notice to him."

The answer was, first, a general denial; second, a plea of contributory negligence; third, assumption of risk and, fourth, a release executed by plaintiff, pleaded in bar of a recovery.

The reply was a general denial and a special plea that the release was obtained through fraud, misrepresentation and mistake.

The evidence shows that from seventy-five to one hundred men were working in separate squads, on the tracks where plaintiff was working, and that William

Lewis was the foreman or boss of all of them, with one or two sub-bosses under him. Plaintiff testified that he discovered the car (which he was helping to unload) was moving before quite all the cinders had been thrown off, and that Lewis hallooed to the men to get off and hallooed to him to get off; that only one of them could get off at a time on account of an embankment on one side of the car, and for the further reason there was but one stirrup on the side of the car where they could get off; that all the men preceded him and got off in safety; that when he got off, the car had moved about twenty or thirty feet and was moving at a rate of three or four miles an hour. He testified that he had never worked on a railroad before and did not know of the danger of getting off the car at the time he attempted to get off. He further testified that his left hip had been dislocated many years before the accident and his left leg was three or four inches shorter than the right one, but that he was able to do ordinary labor, such as farm labor, as well as any one.

Connelly, a witness for defendant, on cross-examination, testified that he was standing near the car when the plaintiff got off and saw him get off; that the other men got off the car before it began to move, but the plaintiff was too slow and the car was moving when he attempted to get off. Lewis and Connelly testified for defendant, that Lewis was two hundred yards away from the car when plaintiff attempted to get off, and Lewis swore that he gave no orders or commands for the men to get off the car, and did not know they were getting off, or when they got off, and knew nothing of plaintiff's injury until after he had been taken to the hospital and the man who took him returned and informed him of the fact.

The evidence shows that the cross-ties, where plaintiff was hurt, projected from eighteen to twenty inches beyond the rail; that that portion of the track was new and had not been ballasted; that the ground

was level but there were some cinders laying around that had been thrown off the cars.

The release executed by plaintiff reads as follows:

"August, 1902.                                          9780.

"Release of all Claims.

"The Chicago & Alton Railway Company,
    "To Silas Mitchell, Dr.
        "Address, Mexico, Mo.

"For all claims for compensation for injuries and damages arising therefrom, and for loss of time, property, expenses and all other claims against the Chicago & Alton Railway Company, and its employees, for or on account of any act or thing done or omitted by them or either of them, and for all sums of money claimed to be due me or on account of any matter whatsoever.

"This amount in full release of all claims I have against the C. & A. Ry. Co. for personal injuries, loss of time and medical attention, on account of accident at Springfield, Ill., April 6, 1902, when I jumped off of a car while in motion upon order of boss and broke my left leg in two places . . . $1.00.

"June 25, 1902.

"Received, June 25, 1902, from the Chicago & Alton Railroad Company, one dollar, in full for the above account, and in consideration thereof I hereby release said company from any and all claims and demands of every name and nature which I have against it up to the date hereof.

his

"SILAS X MITCHELL,
mark

"Witness to mark:    CHARLES E. JOHNSON."

Hamilton testified that he adjusted claims for the defendant company; that he prepared and read over

the release to the plaintiff at the hospital a short time before plaintiff left there; that he explained the release to plaintiff and after some hesitation plaintiff made his mark in the presence of Johnson, who signed as a witness to plaintiff's signature, and that he paid plaintiff the dollar mentioned in his release. Johnson corroborated the statement of Hamilton. Plaintiff testified that he could neither read nor write; that his release was not read over to him; that Hamilton did not pay him a dollar, that he signed something but did not know what it was, that it was not read to him; that Hamilton told him it was to allow him full time while he was hurt; that Johnson was in the yard of the hospital but was some distance from him and Hamilton when he made his mark to the paper, and after he had made his mark Hamilton took it over to Johnson, who was sitting on a bench in the yard, and got him to sign it.

BLAND, P. J. (after stating the facts).—1.  On the rehearing of this case (one having been granted) defendant's counsel strenuously and ably argues that the evidence of plaintiff failed to make out a prima facie case and for this reason he should have been nonsuited. This argument is predicated on the doctrine established in this State by a number of decisions by the appellate courts, that it is not negligence *per se* for one to step off a slowly moving train and, hence, if Lewis ordered plaintiff to get off the car while it was moving slowly, it does not follow that the order was negligently given. The petition alleges that the order was negligently given. To step off a slowly moving train, while not negligence *per se,* is, nevertheless, some evidence of negligence; whether or not it is actually so is a question for the jury to be determined by the attendant circumstances in each case. Owens v. Railway, 84 Mo. App. 1. c. 147, and cases cited. The evidence of the plaintiff shows that his environment and the facili-

ties furnished for alighting from the car were such as would warrant a jury to find that it was negligence for an inexperienced person like plaintiff to get off that particular car while it was moving.

2. It is also contended by defendant, that the plaintiff, by his own evidence, convicts himself of such contributory negligence as to bar a recovery. Plaintiff's evidence shows that he had had only three or four days' experience as a laborer on a railroad and that he was inexperienced in getting on and off a work train. If this is true, then he was not in a condition to appreciate the danger of getting off the car and had a right to rely upon the order of his foreman and presume that it was not dangerous to alight. Mason v. Railway, 75 Mo. App. 1. It is further contended that the plaintiff assumed the risk incident to getting off the moving car. The doctrine of assumed risk rests on contract and cannot apply here, unless when plaintiff was hired, he was informed or knew that the work he was hired to perform would require him to get off moving trains. There is no such evidence in the record and hence the doctrine of assumed risk is not in the case.

4. We think under the pleadings and the evidence, the issues should have been confined to the following facts: First, whether or not Lewis ordered plaintiff to get off the train while it was moving, if he did, then was it negligence on the part of Lewis to give the order under the circumstances? Second, was the plaintiff guilty of negligence contributing to his injury in attempting to alight from the train? Third, is the plaintiff bound by the release pleaded in the answer and offered in evidence at the trial?

Plaintiff testified that the car was in motion when he attempted to get off, and all the evidence shows that it had moved from fifteen to twenty-five feet at the time he alighted. There is, therefore, no evidence tending to support the allegation brought into the petition by

Mitchell v. Railroad.

the amendment, to-wit: "Defendant negligently and carelessly, while plaintiff was alighting from said car, from which it was his duty to alight, moved the car without notice to him." This allegation is flatly denied by plaintiff's own evidence. He is bound by this evidence, unless he gave it under a misapprehension of the true facts. Windsor v. Railway, 45 Mo. App. 123. There is no evidence whatever that he did misapprehend the facts; on the contrary all the evidence shows the train was moving before he attempted to get off. There is evidence in the record tending to show it was plaintiff's duty to get off the car as soon as it was unloaded, but this fact is not alleged in the petition nor is it alleged that, while in the performance of this duty, he was negligently thrown from the car by the defendant, therefore, he was not entitled to the instruction authorizing a verdict in his favor, if the jury found that it was through the negligence of defendant he was thrown from the car while in the performance of his duty to get off. De Donata v. Morrison, 160 Mo. 581, 61 S. W. 641; Wolfe v. Supreme Lodge, 160 Mo. 675, 61 S. W. 637; Holwerson v. Railway, 157 Mo. 216, 57 S. W. 770; Hutchinson v. Realty Co., 88 Mo. App. 614; Fegan v. Separator Co., 92 Mo. 236; Pryor v. Railway, 85 Mo. App. 367.

The instructions given are not in harmony with the views herein expressed. Some of them went outside any issues made by the pleadings and are for this reason erroneous and require a reversal of the case. If plaintiff is so advised, we think he should be permitted to amend his pleadings so as to meet every phase of the evidence as developed on the trial.

The judgment is reversed and the cause remanded. All concur.