## D. MAE CARD KILE, Appellant, v. UNION ELECTRIC LIGHT & POWER COMPANY, Respondent.

### Springfield Court of Appeals, July 7, 1910.

1. **PLEADING: MASTER AND SERVANT: Electricity: Injury to Servant: Sufficiency of Evidence.** In a suit by the widow for damages for the death of her husband who was killed while engaged as a lineman of defendant, by coming in contact with a live wire insufficiently insulated, the petition is examined and held to state facts sufficient to constitute a cause of action as to defendant's negligence, and further held that the allegation in the petition did not disclose the fact that deceased was guilty of contributory negligence as a matter of law.

2. **ELECTRICITY: Duty as to Insulation.** It is a duty of a company engaged in supplying electricity to patrons by wires strung along and across the streets of a city, to use every accessible precaution to insulate the wires at all points where people have a right to go and to use the same care to keep the wires so insulated, and for a failure to take such precaution the company will be held liable to damages for personal injuries to persons coming in contact with such wires unless such person was guilty of negligence on his part, directly contributing thereto.

3. **MASTER AND SERVANT: Assumed Risks.** The law is well settled in this State that the servant never assumes the risk of injury as a result of his master's negligence.

4. **ELECTRICITY: Contributory Negligence.** Where a lineman whose duty it is to work with electric wires charged with a high voltage of electricity, and knowing that the wires were uninsulated comes in contact with them, he is guilty of contributory negligence.

5. **CONTRIBUTORY NEGLIGENCE: Affirmative Defense: Pleading.** Contributory negligence is an affirmative defense and as a general rule must be alleged in order to be available. But in cases where the plaintiff's own testimony shows he was guilty of contributory negligence, which defeats his right to recover, defendant may take advantage thereof though the answer contained no plea of such negligence.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo. Muench,* Judge.

REVERSED AND REMANDED.

*Chas. L.* and *Phillips Moss* for appellant.

(1) It was the duty of defendant to keep its wires in a condition not dangerous to human life and to use all usual, available, necessary and reasonable precautions against injury to its employee. Pauk v. D. B. Co., 159 Mo. 477; Curtis v. McNair, 173 Mo. 280; Mather v. Rillston, 156 U. S. 398; Burke v. Anderson, 69 Fed. 314; Western v. Berberick, 94 Fed. 333; DeWees v. Meremac, 128 Mo. 423; Keegan v. Kavanagh, 62 Mo. 232; Hysell v. Swift, 78 Mo. App. 44. (2) There is nothing whatever in the amended petition from which plaintiff's husband can be held to have assumed the risk of the danger. The pleading asserts the master's negligence only, that he cannot be held to have assumed. Buesching v. Gas Co., 73 Mo. 219; Weller v. C. M. Co., 164 Mo. 199; Geiselman v. Ed. Co., 173 Mo. 678; Ryan v. Railroad, 190 Mo. 621; Von Treba v. Laclede, 209 Mo. 648.

*Jno. H. Drabelle* for respondent.

(1) The amended petition in this case avers a duty beyond and in excess of that exacted by the law of a master to his employee, and therefore, states no cause of action, and is subject to demurrer on that ground. Turner v. Harr, 114 Mo. 335; Tabler v. Railroad, 93 Mo. 79; Bowen v. Railroad, 95 Mo. 268; Stalzer v. Packing Co., 84 Mo. App. 656; 2 Joyce on Electricity (New Ed.), sec. 652; note to Amer. Electrical Cases, 644. (2) The amended petition, in the issuable facts averred, discloses that it belongs to the class to which the doctrine of assumption of risk by the employee applies, and the demurrer was rightfully sustained by the trial judge on that ground. Wray v. Southwestern Co., 68 Mo. App. 380; Junior v. E. L. & P. Co., 127 Mo. 79; Street Car Co. v. Watkins, 38 S. E. 884; Electric Co. v. Simpson,

109 S. W. 1155; Flood v. Telephone Co., 131 N. Y. 603; McGorty v. Telephone Co., 69 Conn. 635; Soutar v. Electric Co., 68 Minn. 18; Telephone Co. v. McMullen, 58 N. J. L. 155; Carr v. Electric Co., 7 Amer. Electrical Cases 746. (3) The facts disclosed in the amended petition rebut the presumption of due care on the part of the deceased, and show that his own negligence was the cause of the accident, which question is also raised by the demurrer. 20 Am. and Eng. Ency. Law 120; Railroad v. Dorsey, 119 Ga. 363; Judge v. Electric Co., 21 R. I. 128; L. & P. Co. v. Moore, 118 S. W. 831; Cinn., G. & E. Co. v. Archdeacon, 88 N. E. 125; Hart v. Lighting Co., 201 Pa. 234; Huber v. Railroad, 92 Wis. 636; Buckley v. Lighting Co., 183 N. Y. 506; Railroad v. Simmons, 107 Tenn. 392.

GRAY, J.—This appeal is from a final judgment against plaintiff on a demurrer interposed by defendant to her amended petition. The cause was instituted in the St. Louis City Circuit Court, on the 13th day of September, 1907. The appeal was taken to the St. Louis Court of Appeals, and is here on an order of that court transferring the cause.

The petition alleges that plaintiff, on the 31st day of May, 1907, was the wife of James R. Kile; that the defendant is a corporation organized under the laws of Missouri engaged in business in the city of St. Louis in manufacturing and furnishing electricity; that the defendant owned, maintained and operated in said city, a system of wires strung on poles standing in the public streets and alleys of said city, and that said wires carried a high and dangerous voltage of electricity; that said wires had been allowed and permitted by defendant, on the 31st day of May, 1907, to get into an unsafe and dangerous condition; that on said day the husband of plaintiff being engaged in the line of his duty as a lineman in the employ of defendant, under the directions and orders of defendant's foreman, attempted to change

the wires of defendant from one cross-arm on one of
said poles, to a new cross-arm thereon; that while on
said pole he came in contact with the wires of defendant
which had been allowed to become defective in insulation
and in a condition dangerous to human life, and were
so worn and defective as to offer no protection against
the electricity on said wires, and he was then and there
·and thereby, shocked, burned and killed.

The petition further alleges "that defendant did not
take all the usual, available, necessary and reasonable
precaution against the possibility of shock and injury
to its employee, the said James R. Kile, while he was
as aforesaid engaged in his work on said pole and its
wires thereon at said time, in this: That said wires,
being defective and dangerous, as averred, were not at
that time and place, completely covered as they should
and could have been by defendant with rubber tubing,
circular loom or other safe insulation or insulating ma-
terial, and thereby made and rendered safe to him,
said employee, in his said work at said time and place;
that the aforesaid defective and dangerous condition of
defendant's said wires which thus caused the death of
plaintiff's husband was well known to the defendant,
or in the exercise of due and proper attention
and diligence in the care thereof by defendant,
should have been so known; that said deceased came to
his death because of the negligence and misconduct of
defendant, and without his own fault or negligence, and
because of the wrongful act, negligence and default of
defendant as aforesaid, the plaintiff has been damaged
in the sum of five thousand dollars, for which she asks
judgment."

The trial judge filed a written memoranda of his
opinion sustaining the demurrer. From this we gather
that the court held the petition insufficient because of
the relation between the defendant and the deceased.
In other words, the court held the allegations of the pe-
tition sufficient if the action had been brought by some

person not a servant. The petition plainly alleges that the defendant had allowed its wires to become defective, and the insulation so worn and defective as to offer no protection against the electricity on said wires, and that this defective condition was known to the defendant, or might have been known by the exercise of proper care.

Ever since the case of Geismann v. Mo. Ed. Elec. Light Co., 173 Mo. 654, 73 S. W. 654, the rule has been settled that it is the duty of a company engaged in supplying electricity to patrons by use of wires strung along and across the streets of a city, to use every accessible precaution to insulate the wires at all points where people have a right to go, and to use the same care to keep the wires so insulated, and for a failure to take such precaution the company will be held liable to damages for personal injuries to persons coming in contact with such wires, unless such person was guilty of negligence on his part directly contributing thereto.

It is alleged in this petition that the company permitted the insulation to become so worn and defective as to offer no protection against the electricity on the wires, and that the deceased came to his death because of this negligence of the defendant, and without his own fault or negligence.

It seems to us the petition contains every allegation necessary to state a cause of action. The respondent insists that the petition avers a duty beyond and in excess of that required by the master to his employee, and therefore, states no cause of action and is subject to demurrer on that ground. The portion of the petition against which this point is made is that part which states that it was the duty of the defendant to keep its wires safe for its employees to work with and among. If this entire allegation is stricken from the petition, there still remains a cause of action well stated.

The respondent maintains that the petition shows the injury to plaintiff's husband was one assumed by him, and therefore shows no negligence of the master.

The law is well settled in this State that the servant never assumes the risk of injury as a result of his master's negligence.  [Curtis v. McNair, 173 Mo. 270, 73 S. W. 167; Tinkle v. Railroad Co., 212 Mo. 468, 110 S. W. 1086; George v. Railroad, 125 S. W. 196; Strickland v. Woolven & Co., 127 S. W. 628.]

If plaintiff's husband, as a lineman whose duty it was to work with the defendant's wires, knowing that the wires were uninsulated and charged with a high voltage of electricity, carelessly came in contact with them, then he was guilty of contributory negligence and the defendant is not liable for his death.

Contributory negligence is an affirmative defense, and as a general rule must be alleged in order to be available.  But in cases where the plaintiff's own testimony shows he was guilty of contributory negligence, which defeats his right to recover, defendant may take advantage thereof, though the answer contain no plea of such negligence.  [Engleking v. Railroad, 187 Mo. 158, 86 S. W. 89; Kappes v. Brown Shoe Co., 116 Mo. App. 154, 90 S. W. 1158; Hebeler v. Railroad, 112 S. W. 34.]

This being true, it stands to reason that if the plaintiff's petition on its face shows he was guilty of contributory negligence, then the court has the right to sustain a demurrer thereto.  Does the petition in this case show a state of facts which would justify the court in holding that the plaintiff's husband was guilty of contributory negligence as a matter of law?  He was killed, and the law presumes that he was in the exercise of ordinary care.  He had the right to rely on the presumption that the defendant had exercised ordinary care to keep its wires properly insulated, and in order to hold him guilty of contributory negligence it would be necessary to show that he knew, or by the exercise of ordinary care might have known that the defendant had failed to discharge this duty.  The circumstances under which he

was required to do the work that he was doing at the time he lost his life, are not set forth in the petition, and it was not necessary that the plaintiff set them forth.

We are of the opinion that the allegations of plaintiff's petition do not disclose the fact that the deceased was guilty of contributory negligence as a matter of law, and that the court erred in sustaining the demurrer, and we will reverse the judgment and remand the cause. All concur.