F. C. WALLOWER, Appellant, v. CITY OF WEBB CITY and H. C. SAHLMAN, Respondents.

Springfield Court of Appeals, May 5, 1913.

1. APPEAL AND ERROR: Position Assumed in Trial Court: Not to be Changed in Appellate Court.  The plaintiff is bound by the position taken by him in the trial court, and having tried his case on the theory that the issue of contributory negligence was raised by the pleadings, he will not, on appeal, be heard to complain because instructions on that issue were given by the trial court.

2. **CONTRIBUTORY NEGLIGENCE: An Affirmative Defense: Must be Pleaded: Exception to the Rule.** Contributory negligence is an affirmative defense and, as a general rule must be alleged in order to be available. *Yet*, in cases where the plaintiff's own evidence tends to show that he was guilty of contributory negligence which defeats his right of recovery, the defendant may take advantage thereof, although the answer contains no plea of contributory negligence.

3. **NEGLIGENCE: Pleading: General Allegation: Sufficient Unless Objected to.** A general plea of negligence, whether in the petition or answer, is sufficient without specifying the particular acts, unless objected to by motion or otherwise, before trial.

4. **MUNICIPAL CORPORATIONS: Streets: Duty of One Using: Obstructions.** Where plaintiff's automobile, which he was at the time driving, was injured by coming in contact with a rope stretched from a building, under construction, across the street to a telephone pole, an instruction was not erroneous which told the jury that "every person using the streets of a city owes the duty to the city and to every other person using the streets, to exercise care to see and avoid obstructions in the street."

5. **NEGLIGENCE: Obstruction in Street: Notice of by City: When not Material.** Where a contractor and a city are jointly sued, the contractor for placing an obstruction across a street in a city which caused the injury complained of by the plaintiff and the city is sued for permitting the alleged negligent obstruction of the street, it being obvious from the finding of the jury that they considered either that there was no negligence proven on the part of the defendants or that the plaintiff was guilty of such contributory negligence as precluded his recovery, the question of the city having notice of the obstruction, actual or constructive, becomes of no consequence in the case.

6. **MUNICIPAL CORPORATIONS: Streets: Obstruction of: Negligence: Question for the Jury.** Where a contractor stretched a rope across the street so as to obstruct a small portion of it to persons in automobiles, such act was not necessarily, and as a matter of law, an act of negligence. It was a question for the jury under all the facts whether or not it was negligence.

7. **NEGLIGENCE: Obstructing Street: Evidence: Usual and Customary Manner of Doing Work.** Where the question whether or not a certain act is or is not negligence is a debatable one, it is not error to permit proof that such act was done in the usual and customary manner.

On Motion for Rehearing.

1. **MUNICIPAL CORPORATIONS: Obstructions in Street: Care Required of Traveler.** It is the duty of a traveler upon a public highway not only to use care to avoid known and expected obstructions and defects, but also to discover those which are unknown and unexpected and which are unlawfully there.

2. **INSTRUCTIONS: Complaint Against: When Groundless.** Plaintiff cannot complain of instructions based upon the same theory and which are the converse of those asked by himself.

Appeal from Jasper Circuit Court, Division Number One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*Stonewall Pritchett, S. W. Bates* and *R. A. Pearson* for respondents.

(1) If contributory negligence appears from plaintiff's own testimony, defendants may take advantage of it, regardless of whether they pleaded it. Kile v. Light & Power Co., 149 Mo. App. 359; Cane v. Wintersteen, 144 Mo. App. 5; Borden v. Sedalia, 161 Mo. App. 638; Benton v. Philadelphia, 198 Pa. St. 396, 48 Atl. 267. (2) A plea of negligence generally, is good if not timely objected to by motion, or demurrer. Harmon v. United Railways, 163 Mo. App. 449; Tuck v. Traction Co., 140 Mo. App. 335; Hitchings v. Maryville, 134 Mo. App. 712; Dougherty v. Railroad, 81 Mo. 325; Hurst v. City of Ashgrove, 96 Mo. 168; Gibbs v. Monett, 163 Mo. App. 112. (3) It is the duty of every person to use ordinary care to see and avoid obstructions in the street, whether he knew they were there or not. Wheat v. St. Louis, 179 Mo. 582; Ryan v. Kansas City, 232, Mo. 471. (4) A builder has a right to make a reasonable use of adjoining street. 28 Cyc. 464; Hestelbach v. City of St. Louis, 179 Mo. 505; Simon v. Atlanta, 67 Ga. 618, 44 Am. Rep. 739.

*H. W. Currey* and *George V. Farris* for appellant.

(1) Contributory negligence must be affirmatively averred and proved. Thompson v. Railroad, 51 Mo. 190. And such plea must set out the facts constituting the negligence relied upon, as fully and with as much accuracy as is required of the plaintiff in stating a cause of action based on negligence. Harrison v. Railroad, 74 Mo. 365; Waldheir v. Railroad, 71 Mo. 516; Nephler v. Woodward, 200 Mo. 179; Southern Railroad v. Brangon, 39 So. 675. (2) The city has no right or power to grant permission to its co-defendant to stretch the rope across the street. Galloso v. Skieston, 124 Mo. App. 380; Hatfield v. Straus, 189 N. Y. 208; McIlhiney v. Trenton, 148 Mich. 380. (3) In all instances of grants of privileges in streets in municipalities the right of the public is superior. Plattsmouth v. Tel. Co., 114 N. W. 588; New York v. Knickerbocker, 102 N. Y. Supp. 900; Rothchilds v. Chicago, 227 Ill. 205, 81 N. E. 407. (4) In traveling upon the public streets of a city no person is required to be vigilant to discover defects or obstructions in the streets which ought not to exist. Thompson v. Bridgewater, 7 Pick. (Mass.) 188; Cox v. Turnpike Co., 33 Barb. 414; Stephens v. City of Macon, 83 Mo. 345; Frost v. Waltham, 12 Allen 85; 2 Dillon on Municipal Corp., 1007; Phillips v. Taxi Service Co., 183 Fed. 689; Dailey v. Maxwell, 132 S. W. 351, 152 Mo. App. 415; Miller v. Railroad, 134 S. W. 1045; Lyman v. Dale, 136 S. W. 760; Enstrom v. Neumoegn, 126 N. Y. Supp. 660. (5) The driver of an automobile on the streets of a city is not required to anticipate or guard against anything that appearances would not, ordinarily, suggest to a prudent person. Domke v. Gunning, 114 Pac. 436; Donovan v. Burnhard, 94 N. E. 276, 208 Mass. 181; Molin v. Wark, Minn. 1911; McGourty v. Demarco, 85 N. E. 891, 200 Mass. 297. (6) The mere fact of driving a car on the streets of a city faster than the speed

specified by law is not, as to third persons at least, negligence. Delfs v. Dunshee, 122 N. W. 236. (7) That plaintiff did not drive upon the street at the point where the rope was highest is no evidence that he was negligent. Walker v. Kansas City, 99 Mo. 647. (8) Instructions must be based on the pleadings and an instruction, based on an act, as contributory negligence, not pleaded, is erroneous. Harrison v. Railroad, supra; De Donato v. Morrison, 160 Mo. 581.

STURGIS, J.—This is a suit for damage to plaintiff's automobile caused by same coming in violent contact with a rope stretched across Second street in Webb City, Missouri, while plaintiff was driving down that street. The defendant Sahlman was assisting in building a church on the south side of that street and stretched this rope from the top of a gin pole, used in raising heavy material, to a telegraph pole on the opposite side. The rope was so low near the north side of the street that it caught the top of the automobile in passing under it and demolished the same. The petition counts on the negligence of the defendant Sahlman in stretching this rope across the street in such manner as to be dangerous to persons traveling along this street in automobiles or other vehicles, and that the defendant city was negligent in permitting such negligent obstruction of this much traveled street. The defendants answered separately. The answer of the city consists of a general denial and this clause: "Further answering defendant states that if plaintiff's automobile was damaged at the time and place alleged in plaintiff's petition, such damage was caused by the carelessness and negligence of plaintiff in operating his said automobile." The answer of defendant Sahlman consists of a general denial and this clause; "And for further answer said defendant says that if plaintiff sustained the damages to his property as in his petition alleged, it was because of his own careless

and negligent acts and omissions in and about the run-
ning of his automobile, and the wrongful, excessive and
dangerous speed with which he was running the
same.''

It will be noticed that these answers do not di-
rectly at least charge that plaintiff's negligence *con-
tributed* to his loss; and it is argued that they charge
that such negligence was the *sole* cause of such loss.

The case was tried, at least so far as the introduc-
tion of evidence was concerned, on the theory that
these answers set up the defense of contributory neg-
ligence, and at no time did plaintiff object to any evi-
dence brought out on the cross-examination of his own
witnesses or to the evidence offered by defendants
tending to show contributory negligence on the part
of plaintiff on the ground that no such issue was raised
by the pleadings. After the evidence tending to show
the negligence of defendants and the contributory neg-
ligence of plaintiff was all in, the court submitted the
case on instructions, hereinafter mentioned, based on
defendants' negligence on the one hand and plaintiff's
contributory negligence on the other. The jury found
for defendants and the principal error complained of
by plaintiff is the giving of instructions for defendants
submitting the question of plaintiff's contributory neg-
ligence.

The record merely shows that plaintiff objected
and excepted to the court's giving each and all the in-
structions given for defendants. The specific objec-
tion now made is that no issue of contributory negli-
gence is raised by the pleadings and that the instruc-
tions should not broaden the issue. [De Donato v. Mor-
rison, 160 Mo. 581, 61 S. W. 641; Pryor v. Railroad,
85 Mo. App. 367; Mitchell v. Railroad, 108 Mo. App.
142, 151, 83 S. W. 289.] There is nothing in the rec-
ord to show that plaintiff raised this specific objection
to the instructions in the trial court. Having tried
this case on the theory that the issue of contributory

negligence was raised by the pleadings, the plaintiff is bound by the position taken by him in the trial court. [Dahmer v. Street Railway, 136 Mo. App. 443, 449, 118 S. W. 496.]

For the purposes of this appeal it is sufficient to say that plaintiff's own evidence shows that the street where the accident occurred is down grade, and that he was traveling at the rate of ten or twelve miles per hour; that he had previous knowledge that the church was being erected at this place and that the street was being more or less obstructed by lumber and other material used in the building; that the rope in question was an inch and a quarter to an inch and a half in diameter; that he did not see the rope at all before it caught his machine, although it was a clear bright day and there was nothing to prevent his doing so. He said he did not know where he was looking at the time of the accident, and gave it as his own opinion that if he had been looking down the street in front of him that he would have probably seen the rope in time to have stopped the machine, which he says he could have done in the distance of the car length. Plaintiff also said that he knew of a city ordinance limiting the speed of automobiles to eight miles per hour. There was evidence of other witnesses, introduced, without objection, that plaintiff was traveling as fast as twenty to twenty-five miles per hour; that at and just before the time of the accident he was looking at the church and work being carried on there; and that if he had turned a little nearer the middle of the street he would have passed under this rope without the accident.

The instructions, number seven and eight, complained of, submit the question of plaintiff's contributory negligence in that plaintiff was traveling at an excessive rate of speed, and that "the plaintiff was inattentive and not looking in the direction in which he was traveling," and that "he failed to use reasonable care and ordinary diligence in driving his automobile

to discover the danger and avoid the injury,'' and that such negligence on his part contributed to the injury to his car.

It is evident that plaintiff's objection that these instructions are erroneous in that they relate to an issue not raised by the pleadings is not well taken for this reason: Every ground of contributory negligence mentioned in the instructions is based on plaintiff's own evidence. The authorities all hold that while contributory negligence is an affirmative defense and as a general rule must be alleged in order to be available, yet, in cases where the plaintiff's own evidence shows or tends to show that he was guilty of contributory negligence which defeats his right of recovery, the defendant may take advantage thereof, although the answer contains no plea of such contributory negligence. [Kile v. Light & Power Co., 149 Mo. App. 354, 359, 130 S. W. 89; Hudson v. Railroad, 101 Mo. 13, 30, 14 S. W. 15; Engleking v. Railroad, 187 Mo. 158, 164, 86 S. W. 89.]

Plaintiff might have successfully objected to the introduction of any evidence, other than that of himself, tending to show contributory negligence on the ground that no such issue was raised by the pleadings. It is too plain for argument, however, that if defendants are entitled to the instructions mentioned, based on plaintiff's own evidence, even in the absence of any plea of contributory negligence in the answer, the jury would necessarily consider all the evidence introduced in determining that question and no error can be predicated on the court's giving these instructions.

The reason for excepting plaintiff's own evidence. and instructions based thereon, from the rule requiring contributory negligence to be pleaded, is doubtless based on the fact that contributory negligence is an affirmative defense and all affirmative defenses must be pleaded in order to give plaintiff an opportunity to be apprised of and prepare to meet the same. A plain-

tiff cannot be heard to say, however, that he did not know of and had no opportunity to prepare to refute his own evidence.

This view of the case relieves this court of the difficult problem of reconciling the decisions of the other Courts of Appeals on the question of whether the general averment of plaintiff's negligence in the answer of either defendant, without averring that such negligence *contributed* to the injury complained of, is sufficient to raise the question of contributory negligence. The case of Cain v. Wintersteen, 144 Mo. App. 1, 128 S. W. 274, is a ruling by the Kansas City Court, almost directly in point, that such general allegation that plaintiff's injuries were caused by his own negligence is not a sufficient plea of contributory negligence. [See also Ramp v. Railroad, 133 Mo. App. 700, 704, 114 S. W. 59; Allen v. Transit Co., 183 Mo. 411, 81 S. W. 1142.]

On the other hand the ruling of the St. Louis Court in Harmon v. Railroad, 163 Mo. App. 442, 143 S. W. 1114, is equally in point that such general allegation is sufficient.

All these rulings are based on the theory that a general and indefinite allegation as to negligence, whether in the petition or answer, has been allowed to stand without being attacked by motion or otherwise before trial; as on such attack the same would be held bad. [Harrison v. Railroad, 74 Mo. 364.] The same rule of particularity in setting up the facts constituting negligence apply to the petition and answer alike (Harrison v. Railroad, 74 Mo. 364, 369); and it is generally held that a general plea of negligence, whether in the petition or answer, is sufficient without specifying the particular acts, unless objected to by motion or otherwise before trial. [Schneider v. Railroad, 75 Mo. 295; Conrad v. De Montcourt, 138 Mo. 311, 325, 39 S. W. 805; Borden v. Falk Co., 97 Mo. App. 566, 570, 71 S. W. 478.]

We cannot assent to the proposition that plaintiff was under no obligation to use reasonable care to discover the danger and avoid the injury, and that the court erred in instructing the jury that "every person using the streets of a city owes the duty to the city and to every other person using the streets to exercise care to see and avoid obstructions in such streets." It is true that plaintiff was not required to anticipate and keep watch for this or any other particular obstruction in the street, but the jury has a right to infer, as proving contributory negligence, that if plaintiff had used that degree of watchfulness and caution demanded of every one driving an automobile along a much used and more or less obstructed street, that he would have discovered this particular obstruction and avoided this particular injury. [Wheat v. St. Louis, 179 Mo. 572, 582, 78 S. W. 790; Ryan v. Kansas City, 232 Mo. 471, 487, 134 S. W. 566, 985; Windle v. Southwest Missouri Railroad, 153 S. W. 282.]

The plaintiff says that no one would be required to keep watch for a lion or tiger (not of the "blind" variety however) on the streets of Webb City, as he could not reasonably anticipate such an animal there. That is true; but the exercise of the care and watchfulness required of him in reference to horses or vehicles or obstructions which are to be expected on such streets would most likely cause him to see and avoid running into a sleeping lion or blind tiger should such an animal by chance be found on the streets of that city.

Plaintiff also complains of certain instructions relative to the proof required in order to charge the defendant city with notice of the obstruction in its street. It is obvious that the jury found either that there was no negligence proved on the part of either defendants or that plaintiff was guilty of such contributory negligence as precluded his recovery. This question of the city having notice, actual or constructive,

of this obstruction was of no importance under either finding. If the jury found that there was no negligence of defendant Sahlman, then the city could have had no notice, actual or constructive, of such negligence; and if plaintiff was guilty of contributory negligence it would not matter whether the defendant city had or had not knowledge of Sahlman's negligence.

Complaint is also made that the court erred in permitting defendant Sahlman to testify that he was doing this work in the ordinary and approved manner in stretching the rope across the street in the manner shown by the evidence. The act of defendant Sahlman in stretching this rope across the street so as to obstruct a small part of it to persons in automobiles and without warning people of the danger, was not necessarily and as a matter of law an act of negligence, as the court instructed the jury it was. Whether it was or was not negligence was a question for the jury under all the facts. [Tuck v. Traction Co., 140 Mo. App. 335, 341, 124 S. W. 1079.] Where the question whether or not a certain act is or is not negligence is a debatable one, it is not error to permit proof that such act was done in the usual and customary manner. [21 Ency. Law (2 Ed.), 524; 29 Ency. Law (2 Ed.), 418; Knorpp v. Wagner, 195 Mo. 637, 659, 93 S. W. 961; Spencer v. Bruner, 126 Mo. App. 94, 102, 103 S. W. 578.]

We have carefully considered all the errors complained of by learned counsel for appellant and are convinced that plaintiff had a fair trial and that this case ought to be and is affirmed. It is so ordered.

*Farrington, J.,* concurs. *Robertson, P. J.,* not sitting.

## ON MOTION FOR REHEARING.

STURGIS, J.—This case illustrates the difficulty the courts have in keeping the length of their opinions

within reasonable bounds—a thing greatly to be desired. The motion for rehearing in this case assigns twelve reasons therefor, though not complying with the rules of this or any of our appellate courts relative to such motions. The motion is accompanied by a brief of thirty-two closely type-written pages, with many citations of authorities from this and other States. If we do not discuss and rule on each and every one of these twelve reasons and discuss and distinguish all the cases now cited, there will still exist the same reason for saying that this court overlooked the points and that the decision is in conflict with all the cases now cited as there is for so alleging as to the original opinion.

We have, however, given due consideration to this motion and brief with the view of determining, as we must, whether the original opinion correctly declared the law and decided the case on the facts presented. We think it did. The motion criticises the opinion for holding that plaintiff was negligent if he failed to travel at a lawful rate of speed and use ordinary care to discover and avoid the rope stretched across the street so low near one side of the same as to strike his automobile. If we understand the point made, it is that defendant Sahlman cannot invoke the rule of plaintiff's contributory negligence as defeating his action for the reason that defendant is not within the class of persons who are to be protected by the speed law or ordinance in that he was doing an *un-lawful* act in stretching the rope across the street; and as the rope was there *unlawfully* plaintiff was not bound to travel at a lawful rate of speed or use other ordinary care to discover it. Plaintiff says that his duty is limited to avoiding this rope after actually discovering it. We think, however, that the reading of what our Supreme Court said in Woodson v. Railroad 224 Mo. 685, 123 S. W. 820, and the cases there cited,

171 Mo. App.—15

as to the duty of a traveler upon a public highway, not only to use care to avoid known and expected obstructions and defects, but also to discover those which are unknown, unexpected and *unlawfully* there, will convince anyone of plaintiff's error. Nor do we think, if that makes any difference, that said defendant's act in stretching the rope across the street in aid of his work in erecting a building adjacent thereto was an unlawful act, regardless of the manner or purpose for which it was done. We think there is nothing more than negligence on such defendant's part and that his negligence, if any, in so doing was merely in stretching the rope so low near the north side of the street as to interfere with the lawful travel thereon.

We ruled, without serious thought of its being questioned, that the plaintiff, having tried the case on the theory that the issue of contributory negligence was raised by the answers was bound by that position in the appellate court, and we cited only one case supporting it. The plaintiff now contends that "a party may try his case on a theory entirely outside of the issues and then raise the question in the appellate court that the instructions given are not within the issues," and this too, when the record shows, as we have pointed out, that no objection on this ground was made to the evidence showing contributory negligence, although plaintiff testified himself as to that matter and numerous witnesses were examined and cross-examined along this line, and no specific objection was made to the instructions or anywhere else in the record before it reached this court calling the court's attention to this error. We now cite these authorities as supporting our position: Rigsby v. Oil Well Supply Co., 115 Mo. App. 297, 307, 91 S. W. 460; Stewart v. Outhwaite, 141 Mo. 562, 572, 44 S. W. 326; Heffernan v. Ragsdale, 199 Mo. 375, 382, 97 S. W. 890; Hales v. Raines, 162 Mo. App. 46, 63, 141 S. W. 917; Tassig v. Railroad, 186 Mo. 269, 284, 85 S. W. 378.

Besides this, we call attention to the fact that plaintiff's petition alleges that while traveling in his automobile he was "in the exercise of reasonable and proper care on his part" and that "he was running his automobile at a lawful and reasonable rate of speed." This was denied by the answer and the general allegations of contributory negligence made as stated. Besides this, no less than three of plaintiff's instructions predicated his right to recover on condition that he was traveling along the street in his automobile "at a lawful rate of speed" and was "without fault or negligence on his part" in running into said rope. The plaintiff cannot complain of instructions based on the same theory and which are the converse of those asked by himself. [Huss v. Bakery Co., 210 Mo. 44, 51 and 71, 108 S. W. 63.]

The motion for rehearing is overruled. *Farrington, J.,* concurs. *Robertson, P. J.,* not sitting.