W. F. HEBELER, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 29, 1908.

1. NEGLIGENCE: Answer: Evidence: Contributory Negligence. Though an answer does not set up a plea of contributory negligence, yet if such negligence appears in the plaintiff's evidence in making his case it is a matter for the consideration of the court.

2. ————: Contributory Negligence: Last Chance: Accident: Street Railway. Where a teamster is driving with half his team and wagon between two tracks of a street railway and the other half between the two rails of a track and is negligent in observing at first chance an approaching car the motorman of which is likewise negligent at the first chance in observing the team, but the driver in ample time to clear the tracks and give the car free passage, undertakes, to the observation of the motorman, to do so and is merely prevented by the unanticipated fact of the wheels slipping on the rail of the track, there is no room for the humanitarian doctrine, since the motorman would presume that the driver was going to get out of the way and would get out of the way, and would not begin his effort to stop the car sooner than he did.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

*John H. Lucas, Ben T. Hardin* and *C. S. Palmer* for appellant.

(1) The court erred in giving plaintiff's instruction number 3, and in refusing defendant's instructions A and E. Sepetowski v. Transit Co., 102 Mo. App. 110; Shanks v. Traction Co., 101 Mo. App. 702, (707); Sinclair v. Railroad, 133 Mo. 233; Holwerson v. Railroad, 157 Mo. 216; Watson v. Railroad, 133 Mo. 246; 1 Thompson, Com. on Negligence, 176. (2) The court erred in refusing defendant's instructions B, C, D and G. Same cases cited under point 1. (3) The court should have granted defendant's peremptory instruc-

tion.    Holwerson v. Railroad, 157 Mo. 216; Roenfeldt
v. Railroad, 180 Mo. 554; Booth on Street Railways,
sec. 380; Davies v. Railroad, 159 Mo. 1.

*Kelly, Brewster & Buchholz* for respondent.

(1)    The issue of contributory negligence was not
pleaded by the defendant and so it was not error to
refuse to submit the question to the jury on this ground.
Donivan v. Railroad, 89 Mo. 150; Nephler v. Woodward,
200 Mo. 187; Zalotuchin v. Railroad (Mo. App.), 106
S. W. 551; Kaminski v. Iron Works, 167 Mo. 470; Al-
len v. Transit Co., 183 Mo. 424.    (2)    Even though
plaintiff was guilty of negligence in driving on defend-
ant's track in question, all the evidence tends to show
that he tried to drive to a place of safety as soon as
he saw the approaching car.    If, after defendant saw,
or by the exercise of ordinary care and caution on its
part, could have seen plaintiff's servant in this position
of peril in time, so that, by the exercise of ordinary
care and by employing the means at its command it
could have stopped the car with safety to the car and
to those riding thereon, it carelessly and negligently
failed to do so and by reason thereof the injury oc-
curred, then the defendant is liable.    Cole v. Railroad,
121 Mo. App. 611; Moore v. Transit Co., 194 Mo. 12;
Feeney v. Railroad, 123 Mo. App. 431; Smith v. Rail-
road, 107 S. W. 22; Prendeville v. Transit Co., 107 S.
W. 455; Zander v. Transit Co., 206 Mo. 464; White v.
Railroad, 202 Mo. 555; Ross v. Railroad, 113 Mo. App.
605; Johnson v. The Railways, 203 Mo. 415; Klocken-
brink v. Railroad, 172 Mo. 689; Baxter v. Transit Co.,
198 Mo. 20; Rectenwald v. Railroad, 121 Mo. App. 595.

ELLISON, J.—This is an action for damages done
to plaintiff's wagon and team of horses by coming into
collision with one of defendant's street cars.    The
judgment was for the plaintiff in the trial court.

It appears that defendant operates a double-track street railway on Woodl'and avenue, a street running north and south in Kansas City; that plaintiff's servant, with his team and empty wagon, entered upon the west track at Forty-third street and drove north, thus being in position to meet south-bound cars. He drove on the track to a point between Thirty-eighth and Thirty-ninth, when the wagon and team were struck by a south-bound car and badly damaged. The verdict was obtained alone upon the theory of the last chance doctrine. Defendant makes two contentions which we care to notice. One is that plaintiff was guilty of contributory negligence which it is argued should have given the case to the defendant. Plaintiff insists that the answer did not make a proper plea of contributory negligence and therefore such defense is not in the case. Conceding, but not deciding, that the answer did not set up such plea, contributory negligence would still be in the case for the reason that plaintiff's want of care appeared in making out his own case. [Milburn v. Railway, 86 Mo. 104.]

But we will pass that by, for defendant's second contention is the decisive point in the case. That is, that there is no ground of recovery under the last chance rule for the reason that there was no justifiable ground for holding that the motorman was negligent after becoming aware or after he should have become aware of the negligence of plaintiff's servant. We have so concluded.

Plaintiff's servant, testifying for plaintiff, stated that had he been observing, he could have seen the car coming meeting him, on the same track, for a half mile or more, and that he actually did see it for a block or two, which at that part of the city would be between six and twelve hundred feet distant. That when he saw it his wagon was running with two wheels between the rails of the west track and the other two in the

space between the two tracks; in other words, half his wagon and one horse was between the rails of the west track, and half his wagon and the other horse was on the space between the two tracks.    That on observing the car thus meeting him he turned his horses towards the other track so as to draw his wagon clear of the west track and let the car by without stopping it or endangering himself and team by a collision.    But it seems his wagon would not immediately leave the west track by reason of the wheel sliding along the rail.    It slid for some distance; he would not say it was not as far as one hundred feet.    The face of the case shows, incontrovertibly, that but for the circumstance of the wheel thus sliding along the rail, the wagon would have cleared the track and no collision have happened.    He so stated in giving his evidence.

Now what was the situation as viewed by the motorman, taking him, as we must, to have been a man of ordinary sense and prudence?    If, as plaintiff contends, he should have observed the man and team sooner than he did, he would merely have seen the ordinary thing of a man driving on the track.    He would of course suppose that the man would get off.    He would not have seen an inattentive man oblivious to danger. He would have seen a man who was aware of the danger if he remained on and who, himself, in point of fact, was intending to get off, and only failed by reason of the unexpected accident of the wheel sliding on the rail.    Allowing that the driver, under the circumstances, was not guilty of negligence in being on the track, he was not negligent in not attempting to get off sooner, for he made the attempt in time but for the unexpected sliding of the wheel.

And so of the motorman; if he had the driver in view for a full half mile as plaintiff contends he did have or should have had, he would only have observed a man who had ample time to get off the track.    The

motorman's conduct should only be judged by the standard of an ordinarily prudent man.    That standard would not require that he should have foreseen, had he observed the wagon, that it would slide on the rail, any more than that the harness would suddenly break or that one of the horses would fall down.

It would clearly be unfair and unreasonable to say that the motorman should have begun his effort to stop the car sooner than he did.    There was nothing in the situation to suggest to him that he should.    Plaintiff's case must rest upon the ground that the motorman is to be charged with negligence in not foreseeing that the wagon, without a load, would slide along the rail, and this we have already said would be unwarranted.

The judgment must be reversed.    All concur.