JOHN E. MADINGER, Appellant, v. ST. JOSEPH RAILWAY, LIGHT, HEAT & POWER COMPANY, Respondent.

Kansas City Court of Appeals, January 2, 1911.

1. **STREET RAILWAYS: Negligence.** In an action for damages caused by collision of plaintiff's wagon with a street car, where it is shown that if plaintiff had waited a moment until an obstructing street car had moved out of his line of vision, he could have seen an approaching car, which caused the injury, in time to have avoided it, but failed to wait, he was guilty of contributory negligence as a matter of law.

2. ———: ———. Where one driving a team of horses hitched to a wagon approaches a street car track, and stops when fifty feet away and looks for coming cars, but his view is obstructed at that point, and then proceeds without again looking, when had he done so, after he passed said obstruction, he could have seen for two blocks or more, but starts across the tracks and is struck by a car coming past another car going in the opposite direction, which had stopped to discharge passengers, he cannot recover for injuries received, notwithstanding no bell was rung as the car approached the crossing.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

AFFIRMED.

*John D. McNeeley* and *B. J. Casteel* for appellant.

(1) A demurrer to the evidence admits every fact which the jurors might infer if the evidence was before them and should be sustained only when the evidence fails to make proof of some essential averment. Rine v. Railroad, 100 Mo. 228; Bender v. Railroad, 137 Mo. 240; Franke v. City of St. Louis, 110 Mo. 516. (2) It being in the province of the jury to determine questions which are at issue in a case, the court erred in sustaining defendant's demurrer to the evidence. Penny v. Railroad, 71 Mo. App. 577; Klockenbrink v. Railroad, 81 Mo. App. 351; McAndrews v. Railroad, 83 Mo. App. 233; Chamberlain v. Railroad, 133 Mo. 587; Gebhart v. St. L. T. Co., 97 Mo. App. 373; Sanitary Dairy Co. v. St. L. T. Co., 98 Mo. App. 20; Kolb v. St. Louis Trans. Co., 102 Mo. App. 143. (3) Plaintiff had the right to presume that the defendant street railway company would observe proper regulations, required by ordinance, as it approached Sixteenth street, and having acted reasonably on that assumption was not guilty of contributory negligence in attempting to cross, after having stopped, looked and listened for a car. Hutchinson v. Railroad, 161 Mo. 246; Esevin v. Railroad, 96 Mo. 290; Kellney v. Railroad, 101 Mo. 67; Jennings v. Railroad, 112 Mo. 268; Gratiot v. Railroad, 116 Mo. 450; Sullivan v. Railroad, 117 Mo. 214. (4) The fact that plaintiff never stopped the second time should not preclude a recovery for the reason that he could see the north track 140 feet to 160 feet east and there being no car in sight he had ample time to drive 65 feet, which would make him clear the north track, provided defendant observed the speed ordinance. At any rate, that was a question for the jury to determine. Bender v.

Railroad, 137 Mo. 240; Hurlin v. Railroad, 92 Mo. 440; O'Hare v. Railroad, 95 Mo. 662. (5) In questions of negligence where the character of facts are such that different conclusions may be drawn from them, or where undisputed they admit of different constructions and inferences, the questions should be submitted to the jury. Bender v. Railroad, 137 Mo. 240; Norton v. Ittner, 56 Mo. 352; Roddy v. Railroad, 104 Mo. 250; Bell v. Railroad, 72 Mo. 50; Mannerman v. Seinertz, 71 Mo. 104.

*R. A. Brown* for respondent.

Plaintiff's own evidence showed that he was guilty of contributory negligence, which was the direct cause of any injuries he may have sustained. Under such circumstances it was the duty of the court to declare as a matter of law, as the court did declare, that plaintiff was not entitled to recover. It is wholly immaterial that the evidence may have tended to show that the defendant was also guilty of negligence, if it did so show. There was no pretense that the defendant saw, or could have seen plaintiff in a position of peril in time to have saved him. The humanitarian rule was not invoked, and under the facts in evidence, could not have been applied had it been invoked. The demurrer was properly sustained. Asphalt Company v. St. L. Transit Co., 102 Mo. App. 469; Giardina v. Railroad, 185 Mo. 330; Hornstein v. United Railways Company, 195 Mo. 440; Deane v. St. Louis Transit Co., 192 Mo. 584; Brockschmidt v. Railroad, 205 Mo. 446.

BROADDUS, P. J.—The plaintiff's action is to recover damages for injuries sustained by the plaintiff through the alleged negligence of the defendant in operating one of its street cars in the city of St. Joseph. He was struck by one of defendant's cars at the intersection of Jules and Sixteenth streets in said city. Jules

street extends east and west through the city on which defendant operates a double track street railway. The east bound cars travel on the south track and the west on the north track. Jules street intersects Sixteenth street. From Sixteenth street at the intersection east to Eighteenth street is up grade, and south of that point it is also up grade.

On 23d day of October, 1909, plaintiff while driving a two horse delivery wagon on Sixteenth street, approached Jules street for the purpose of crossing over the defendant's tracks. About the time he approached it one of the defendant's east-bound cars crossed and stopped on the east side of Sixteenth street for the purpose of discharging passengers. As the car passed plaintiff stopped his horses about fifty feet south of the south track and looked east for an approaching car. At this point as testified to by plaintiff his view east on Jules street was obstructed by the porch of a house which stood on the southeast corner of the two streets. There was a porch on the north end of the house fronting on Jules street within about eight feet of the property line and plaintiff could not see further east on Jules street than to an alley running north between Sixteenth and Seventeenth streets, at which time he saw no car approaching from the east. He then started up his horses into a trot, and passed directly behind the east-bound car, then stationary and was struck as he emerged from the rear by a west-bound car. Just a moment before he was struck the motorman on the car screamed to him.

He testified that after he stopped as above stated where his view was obstructed, he did not look again for a car that might be approaching from the east; that Jules street was unobstructed after he passed from said porch and that there was nothing to further obstruct his view to the east and that he could have seen a car coming for a distance of two blocks or more. The sidewalk was about twelve feet wide and that Jules street was thirty-six feet wide from curb to curb. All the testi-

mony showed that after he came within about forty feet of the track his view to the east was unobstructed and that he could have seen a car coming two blocks distant. Plaintiff and other witnesses testified that they heard no sounding of the gong by the motorman as his car approached the crossing. There was evidence that the car was going at an unusual rapid rate of speed, but just how fast no one was able to state. The ordinance of the city prescribed a rate of speed not exceeding ten miles an hour.

On the undisputed evidence of the plaintiff the court directed a verdict for the defendant and he appealed.

The petition is not copied in the record, only a synopsis is given, from which we gather that the action is based upon a violation of the city ordinance regulating the speed of cars operated within its limits. As there was no satisfactory proof that the car was being operated at the time at a greater rate of speed than permitted by the ordinance, it seems to us that plaintiff has but little ground to stand upon on his appeal.

But treating the case as if there was such proof we still do not see the plaintiff was entitled to recover. It is said that: "In an action for damages caused by collision of plaintiff's horse with a street car, where the evidence of plaintiff's driver showed that if he had waited but a moment until an obstructing car moved out of his line of vision, he could have seen an approaching car which caused the injury in time to have avoided it, but failed to wait, he was guilty of contributory negligence as a matter of law. Notwithstanding the motorman was guilty of negligence in failing to give a warning signal of the approach of his car." [Asphalt Co. v. Transit Co., 102 Mo. App. 469.]

"A pedestrian who steps on a car track without looking to see if a car is approaching thereon, and is struck by such a car is guilty of such contributory negligence as bars his right to recover for the consequent

injuries, notwithstanding the car approached the crossing without sounding the bell as the rules of the company required, and as he had observed was the custom." [Giardina v. Railroad, 185 Mo. 330.]   And so we find the law stated in Hebeler v. Metropolitan Street Ry. Co., 132 Mo. App. 551.   There are many other cases to the same effect which it is unnecessary to mention.

We have examined plaintiff's authorities but they have no application.   There can be but one correct view taken of the case, the one adopted by the trial court. Affirmed.   All concur.